Walker G. Harman, Jr. [WH-8044]
THE HARMAN FIRM, PC
*Attorneys for Plaintiffs*
200 West 57th Street, Suite 900
New York, NY 10019
Tel.: (212) 425-2600
Fax: (212) 202-3926
wharman@theharmanfirm.com

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------------------X

TYLER WALZ, STEPHEN STACY a/k/a STEVE STACY, Each Individually And On Behalf Of All Other Persons Similarly Situated,

*Plaintiffs*,

-against-

44 & X incorporated as 10th AVENUE GROUP, INC., SCOTT HART Individually, and BRUCE HOROWYTZ a/k/a BRUCE HOROWITZ, Individually,

*Defendants*.

---------------------------------------------------------------------X

12 CV 5800 (CM)

**CLASS AND COLLECTIVE ACTION COMPLAINT**

**PLAINTIFF HEREBY DEMANDS A TRIAL BY JURY**

## NATURE OF ACTION

1. Plaintiffs allege on behalf of themselves and other similarly situated current and former employees of the Defendants who elect to opt into this action pursuant to the Fair Labor Standards Act (hereinafter "FLSA"), 29 U.S.C. §§ 216(b), that they are: i) entitled to unpaid wages from Defendants for unpaid wages for which they did not receive pay, as required by law; and, ii) entitled to liquidated damages pursuant to the FLSA, 29 U.S.C. §§ 201 *et seq*.

2. Plaintiffs further complain on behalf of themselves, and a class of other similarly situated current and former employees of the Defendants, pursuant to rule 23 of the Federal

Rules of Civil Procedure ("Fed.R.Civ.P."), that they are entitled to back wages from Defendants for work for which they did not receive pay as required by the New York Labor Law ("NYLL") §§ 650 *et seq*.

## VENUE AND JURISDICTION

3. This Court has subject matter jurisdiction over this proceeding to 28 U.S.C. §§ 1331, 1337, and 1343. This Court has supplemental jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C. § 1367. In addition, the Court has jurisdiction over Plaintiffs' claims under the FLSA pursuant to 29 U.S.C. § 216(b).

4. Defendants maintain sufficient contacts with the Southern District of New York to make venue appropriate in this Court pursuant to 28 U.S.C. § 1391.

5. This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202.

## PARTIES

6. Plaintiff TYLER WALZ ("WALZ") was, at all relevant times, an adult individual, residing in the State of New York, County of New York.

7. Plaintiff STEPHEN STACY, a/k/a STEVE STACY ("STACY"), was, at all relevant times, an adult individual, residing in the State of New York, County of New York.

8. Upon information and belief 44 & X, incorporated as 10th AVENUE GROUP, INC. ("44 & X"), a Defendant herein, at all times hereinafter mentioned, was and still is, a restaurant company operating in Manhattan, that is duly organized and existing under and by virtue of the laws of the State of New York, duly engaged in business in the State of New York,

2

with its principal place of business at 622 10th Avenue, New York, New York 10036. 44 & X is a privately owned company that employs individuals to service its restaurants, and which was responsible for managing Plaintiffs, and was responsible for paying Plaintiffs' wages.

9. Upon information and belief, Defendant SCOTT HART ("HART") owns, operates and controls the day-to-day operations and management of 10th AVENUE GROUP, INC.

10. Upon information and belief, Defendant BRUCE HOROWYTZ ("HOROWYTZ") owns and operates Defendant 44 & X.

11. All individual Defendants separately defined in are hereinafter referred to as "Defendants."

12. Upon information and belief, Defendants HART and HOROWYTZ acted intentionally and maliciously, are "employers" pursuant to the FLSA, 20 U.S.C. § 203(d) and regulations promulgated thereunder, 29 C.F.R. § 791.2, as well as NYLL § 2 and the regulations thereunder, and is thus jointly and severally liable with Defendant 44 & X and other Defendants.

13. Defendant HART's and Defendant HOROWYTZ's home address is 454 West 46th Street, Apartment 6D-S, New York, NY 10036.

14. Defendants HART and HOROWYTZ, on behalf of Defendant 44 & X, directly controlled Plaintiffs' work schedules and conditions of employment, determined the rate and method of payment, and kept at least some records regarding their employment.

## THE FLSA COLLECTIVE ACTION ALLEGATIONS

15. Pursuant to 29 U.S.C. § 207, Plaintiffs seek to prosecute their FLSA claims as a collective action on behalf of all persons who are or were formerly employed by Defendant

3

44 & X at any time since July 27, 2009 to the entry of judgment in this case (the "Collective Action Period"), who were non-exempt employees within the meaning of the FLSA and who were not paid overtime compensation at rates not less than one and one-half times the regular rate of pay for hours works in excess of forty (40) hours per workweek (the "Collective Action Members").

16. This collective action class is so numerous that joinder of all members is impracticable. Although the precise number of such persons in unknown, and the facts on which the calculation of that number are presently within the sole control of the Defendant 44 & X, upon information and belief, there are scores of Collective Action Members during the Collective Action Period, most of whom would not be likely to file individual suits because they lack adequate financial resources, access to attorneys or knowledge of their claims.

17. Plaintiffs will fairly and adequately protect the interests of the Collective Action Members and has retained counsel that is experienced and competent in the fields of employment law and class action litigation. Plaintiffs have no interest that is contrary to or in conflict with those members of this collective action.

18. A collective action is superior to other available methods for the fair and efficient adjudication of this controversy, since joinder of all members is impracticable. Furthermore, inasmuch as the damages suffered by individual Collective Action Members may be relatively small, the expense and burden of individual litigation make it virtually impossible for the members of the collective action to individually seek redress for the wrongs done to them. There will be no difficulty in the management of this action as a collective action.

19. Questions of law and fact common to the members of the collective action predominate over questions that may affect only individual members because Defendants have

4

acted on grounds generally applicable to all members. Among the questions of law and fact common to Plaintiffs and other Collective Action Members are:

    a.    Whether Defendants employed the Collective Action Members within the meaning of the FLSA;

    b.    What proof of hours worked is sufficient where the employer fails in its duty to maintain time records;

    c.    Whether Defendants failed to post or keep posted a notice explaining the minimum wages and overtime pay rights provided by the FLSA in any area where the Collective Action Members are employed, in violation of C.F.R. § 516.4;

    d.    Whether Defendants failed to pay the Collective Action Members overtime compensation for hours worked in excess of forty (40) hours per workweek, in violation of the FLSA and the regulations promulgated thereafter;

    e.    Whether Defendants' violations of the FLSA are willful as that term is used within the context of the FLSA;

    f.    Whether Defendants are liable for all damages claimed hereunder, including but not limited to compensatory, punitive and statutory damages, interest, costs and disbursements and attorneys' fees; and

    g.    Whether Defendants should be enjoined from such violations of the FLSA in the future.

20.    Plaintiffs know of no difficulty that will be encountered in the management of this litigation that would preclude its maintenance as a collective action.

## THE RULE 23 CLASS ACTION ALLEGATIONS

21. Plaintiffs bring this action on behalf of themselves and all other persons similarly situated pursuant to Rule 23(b)(1), (b)(2) and (b)(3) of the Fed.R.Civ.P.

22. Plaintiffs bring their NYLL claim on behalf of all persons who were employed as "Restaurant Workers" as defined in ¶ 23 by Defendant 44 & X at any time since July 27, 2006, to the entry of judgment in this case (the "Class Period"), who were classified by Defendant 44 & X as exempt employees within the meaning of the NYLL and have not been paid overtime wages in violation of the NYLL (the "Class").

23. Plaintiffs of this class were restaurant workers whose work included serving food and/or beverages, including, but not limited to, bartenders, waiters, servers and bussers, including those individuals who carried out similar functions and whose work in the front part of the restaurant who performed substantively the same or similar job functions ("Restaurant Workers").

24. As the members of the Class are numerous and of an unknown number, joinder of all members is impracticable. Although the precise number of such persons is unknown, and the facts on which the calculation of that number are presently within the sole control of the Defendants, upon information and belief, there are hundreds of members of the Class during the Class Period.

25. The claims of Plaintiffs are typical of the claims of the Class, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy — particularly in the context of wage and hour litigation where individual plaintiffs lack the financial resources to vigorously prosecute a lawsuit in federal court against a corporate

defendant.

26. Defendants have acted or have refused to act on grounds generally applicable to the Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the Class as a whole.

27. Plaintiffs are committed to pursuing this action and have retained competent counsel experienced in employment law and class action litigation.

28. Plaintiffs have the same interests in this matter as all other members of the Class and their claims are typical of the Class.

29. There are common questions of law and fact affecting all members of the Class which predominate over any questions only affecting the individual members of the Class, including but not limited to:

    a. Whether Defendants employed the members of the Class within the meaning of the NYLL;

    b. Whether Defendants' employees were improperly and uniformly classified as exempt in violation of the NYLL;

    c. What proof of hours worked is sufficient where employers fail in their duty to maintain time records;

    d. Whether Defendants failed and/or refused to pay the members of the Class premium pay for hours worked in excess of forty (40) hours per workweek within the meaning of the NYLL;

    e. Whether Defendants are liable for all damages claimed hereunder, including but not limited to compensatory, punitive ad statutory damages, interests, costs and disbursements and attorneys' fees; and

   f. Whether Defendants should be enjoined from such violations of the NYLL in the future.

30. This action is maintainable as a class action under Fed.R.Civ.P. 23(b)(2), since the unlawful actions of Defendants, as alleged herein, have been taken on grounds equally applicable to all members of the Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the Class as a whole.

31. Alternatively, this action is maintainable as a class action under Fed.R.Civ.P. 23(b)(1)(A), as the prosecution of separate actions by individual members of the Class would create a risk of inconsistent or varying adjudications with respect to individual members of the Class, which would establish incompatible standards of conduct for Defendants who oppose the Class.

32. Alternatively, this action is maintainable as a class action under Fed.R.Civ.P. 23(b)(3) as common questions of law and fact described above predominate over any questions affecting only individual members, and a class action is superior to other available methods for the fair and efficient adjudication of the controversies between the parties. The members of the Class have been damaged and are entitled to recovery as a result of Defendants' common and uniform policies, practices, and procedure that violate the NYLL.

## FACTUAL ALLEGATIONS

33. Plaintiffs were employed as Restaurant Workers for Defendant 44 & X from in or about July 27, 2006 until the present.

34. Plaintiffs' work was performed in the normal course of Defendant 44 & X's business and was integrated into the business of Defendant 44 & X.

35. For the period from about July 2006 to about March 2009, Defendants willfully failed to pay many Plaintiffs their hourly wage whatsoever.

36. The work performed by Plaintiffs required little skill and no capital investment. Their duties did not include managerial responsibilities or exercise of independent judgment.

37. Plaintiffs often worked in excess of forty (40) hours a week, yet Defendants willfully failed to pay Plaintiffs overtime compensation of one and one-half times their regular hourly rate, in violation of the FLSA and the NYLL.

38. Throughout Plaintiffs' tenure with Defendant 44 & X and, upon information and belief, both before that time and continuing until today, Defendants have likewise employed other employees like Plaintiffs (the Collective Action Members/the Class). Like Plaintiffs, they too do not have the authority to hire and fire other employees, and they are not responsible for making hiring and firing recommendations.

39. Such individuals have worked in excess of forty (40) hours a week, yet Defendants have likewise willfully failed to pay them overtime compensation of one and one-half times their regular hourly rate, in violation of the FLSA and the NYLL.

40. As stated, the exact number of such individuals is presently unknown, but is within the sole knowledge of Defendants and can be ascertained through appropriate discovery.

41. Throughout all relevant time periods, upon information and belief, Defendants failed to post and to keep posted a notice explaining the minimum wage and overtime pay rights provided by the FLSA.

42. During the course of Plaintiffs' own employment, and while Defendants employed Plaintiffs and the Collective Action Members/the Class, Defendants failed to maintain accurate and sufficient time records.

9

43. Defendants knew the nonpayment of overtime would economically damage Plaintiffs and violate Federal and New York State labor laws.

44. Plaintiffs will seek leave of this Court for an Order permitting a formal notice to be sent to potential class members and to establish the opt-in procedures by authorization of the Court.

45. Plaintiffs will also move the Court to order Defendants to produce the names and addresses of those who should receive the notice, namely, similarly situated current and former Restaurant Workers of Defendant 44 & X.

46. Defendants also participated in a pattern of stealing tips from Plaintiffs.

47. For example, when patrons of the restaurant left credit card tips and cash tips, Defendant HART stole the cash tips.

48. As another example, when Defendant HART believed Plaintiffs were not performing properly, he would simply steal their tips.

49. Plaintiffs were also subjected to retaliation by Defendants.

50. For example, upon Defendant HART's being notified of impending charges against himself and Defendants HOROWYTZ and 44 & X, he retaliated by firing Plaintiff WALZ.

51. On or about July 9, 2012 at 7:03 PM, Defendant HART emailed Plaintiff WALZ with a schedule for Plaintiff's forthcoming workweek in which there were no changes from the week before for Plaintiff.

52. On or about July 9, 2012 at 8:02 PM, Plaintiff's counsel emailed a preservation letter to Defendant HART, outlining the forthcoming litigation in which at that time, Plaintiff WALZ was the sole named Plaintiff.

53.	Plaintiff WALZ's first day of work after the emailed preservation letter to Defendant HART was July 14, 2012.

54.	On or about July 14, 2012 upon Plaintiff WALZ coming to work at Defendant 44 & X, Defendant HART fired Plaintiff WALZ.

55.	In addition, Plaintiffs were required to attend mandatory unpaid staff meetings as frequently as once per week, but usually once every two (2) weeks.

56.	Staff meeting attendance was mandatory; if Restaurant Workers failed to attend, they would be fired.

57.	Staff meetings were unpaid, and would last more than two (2) hours but Restaurant Workers were never paid for that time.

**FIRST CAUSE OF ACTION**
**Fair Labor Standards Act – Failure to Pay Wages**

58.	Plaintiffs, on behalf of themselves and all members of the Class, reallege and incorporate each and every allegation contained in paragraphs 1 through 57 with the same force and effect as if separately alleged and reiterated herein.

59.	At all relevant times, Defendants have been and continue to be, employers engaged in interstate commerce and/or the production of goods for commerce, within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

60.	At all relevant times, Defendants employed, and/or continued to employ, Plaintiffs and each of the Collective Action Members within the meaning of the FLSA.

61.	Upon information and belief, at all relevant times, Defendants have had annual gross revenues in excess of $500,000.

62.	Plaintiffs consent in writing to be a party to this action, pursuant to 29 U.S.C. §

11

216(b).

63. At all relevant times, Defendants had a policy and practice of refusing to pay wages, including, but not limited to overtime compensation to its employees for their hours worked.

64. As a result of Defendants' willful failure to compensate its employees, including Plaintiffs and the Collective Action Members for all wages owed, including, but not limited to overtime, at a rate not less than one and one-half times the regular rate of pay for work performed in excess of forty (40) hours in a workweek for overtime, Defendants have violated and continue to violate the FLSA, 29 U.S.C. §§ 201 et seq., including 29 U.S.C. §§ 207(a)(1) and 215(a).

65. As a result of Defendants' failure to record, report, credit and/or compensate its Restaurant Workers, including Plaintiffs and the Collective Action Members, Defendants have failed to make, keep and preserve records with respect to each of its employees sufficient to determine the wages, hours and other conditions and practices of employment in violation of the FLSA, 29 U.S.C. §§ 201, et seq., including 29 U.S.C. §§ 211(c) and 215(a).

66. The forgoing conduct, as alleged, constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a).

67. At all relevant times, Defendants acted in reckless disregard of the applicable provisions of the FLSA and the regulations of the U.S. Department of Labor.

68. Due to Defendants' willful violation of the FLSA, Plaintiffs, on behalf of themselves and the Collective Action Members, are entitled to recover from Defendants, their wages owed including unpaid overtime compensation, an additional amount equal as liquidated damages, additional liquidated damages for unreasonable delayed payment of wages, reasonable

attorneys' fees, and costs and disbursements of this action, pursuant to 29 U.S.C. § 216(b).

## SECOND CAUSE OF ACTION
### Fair Labor Standards Act – Retaliation

69. Plaintiffs, on behalf of themselves and all members of the Class, reallege and incorporate each and every allegation contained in paragraphs 1 through 57 with the same force and effect as if separately alleged and reiterated herein.

70. Defendants willfully retaliated against Plaintiffs for asserting their rights under the FLSA. These acts of retaliation are themselves illegal under 29 U.S.C. § 215 (a)(3).

71. Plaintiffs and the other members of the Class are entitled to recover damages under 29 U.S.C. § 215 (a)(3).

## THIRD CAUSE OF ACTION
### New York State Labor Law – Failure to Pay Overtime

72. Plaintiffs, on behalf of themselves and all members of the Class, reallege and incorporate each and every allegation contained in paragraphs 1 through 57 with the same force and effect as if separately alleged and reiterated herein.

73. At all relevant times, Plaintiffs and the members of the Class were employed by Defendants within the meaning of the NYLL §§ 2 and 651.

74. Defendants willfully violated Plaintiffs' rights and the rights of the members of the Class, by failing to pay them wages owed including overtime compensation at rates not less than one and one-half times the regular rate of pay for each hour worked in excess of forty (40) hours in a workweek, in violation of New York State Labor Law and its applicable regulations.

75. Defendants' New York State Labor Law violations have caused Plaintiffs and the

members of the Class, irreparable harm for which there is no adequate remedy at law.

76. Due to Defendants' New York State Labor Law violations, Plaintiffs and the members of the Class are entitled to recover from Defendants their unpaid overtime compensation, liquidated damages, damages for unreasonably delayed payment of wages, liquidated damages, reasonable attorneys' fees, and costs and disbursements of the action, pursuant to NYLL § 663(1).

### FOURTH CAUSE OF ACTION
### NYLL – Failure to Pay Wages Owed

77. Plaintiffs, on behalf of themselves and all members of the Class, reallege and incorporate each and every allegation contained in paragraphs 1 through 57 with the same force and effect as if separately alleged and reiterated herein.

78. At all relevant times, Plaintiffs and the members of the Class were employed by Defendants within the meaning of the NYLL §§ 2 and 651.

79. Defendants willfully violated the Plaintiffs' rights and the rights of the members of the Class by failing to pay them wages owed in violation of NYLL § 191.

80. Defendants' New York State Labor Law violations have caused Plaintiffs and the members of the Class, irreparable harm for which there is no adequate remedy at law.

81. Due to Defendants' New York State Labor Law violations, Plaintiffs and the members of the Class are entitled to recover from Defendants their unpaid wages, liquidated damages, damages for unreasonably delayed payment of wages, liquidated damages, reasonable attorneys' fees, and costs and disbursements of the action, pursuant to NYLL § 663(1).

## FIFTH CAUSE OF ACTION
### Retaliation under NYLL § 215

82.     Plaintiffs, on behalf of themselves and all members of the Class, reallege and incorporate each and every allegation contained in paragraphs 1 through 57 with the same force and effect as if separately alleged and reiterated herein.

83.     Defendants subjected Plaintiffs discrimination based a hostile work environment and retaliation, in violation of the NYLL § 215.

84.     As a result, Plaintiffs suffered damages for past and future earnings, other employment benefits, and emotional injuries in an amount to be determined at trial.

## JURY DEMAND

85.     Pursuant to Rule 38(b) of the Fed.R.Civ.P., Plaintiffs demand a trial by jury on all issues raised in this action.

**WHEREFORE**, Plaintiffs, on behalf of themselves and all other similarly situated Collective Action Members and members of the Class, respectfully requests that this Court grant the following relief:

a. Certification of this action as a class action pursuant to Fed.R.Civ.P. 23(b)(2) and (3) on behalf of the members of the Class and appointing Plaintiffs WALZ and STACY and their counsel to represent the Class;

b. Designation of this action as a collective action on behalf of the Collective Action Members and prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated members of an FLSA Opt-In Class, appraising them of the pendency of this action, permitting them to assert timely FLSA claims in this action by filing individual Consents to Sue pursuant to 29 U.S.C. § 216(b) and appointing Plaintiffs WALZ and STACY and their counsel to represent the Collective Action Members;

c. A declaratory judgment that the practices complained of herein are unlawful under the FLSA and the NYLL;

d. An injunction against Defendants and its officers, agents, successors, employees, representatives and any and all persons acting in concert with it, as provided by law, from engaging in each of the unlawful practices, policies, and patterns set forth herein, including an injunction prohibiting ongoing acts of retaliation pursuant to FLSA, 29 U.S.C. § 215 (a)(3);

e. An award of unpaid overtime compensation due under the FLSA and the NYLL;

f. An award of liquidated and/or punitive damages as a result of Defendants'

willful failure to pay wages and overtime compensation pursuant to 29 U.S.C. § 216;

g. An award of liquidated damages as a result of Defendants' willful failure to pay wages and overtime compensation pursuant to NYLL;

h. An award of prejudgment and postjudgment interest;

i. An award for unpaid wages pursuant to NYLL § 191;

j. An injunction prohibiting ongoing acts of retaliation pursuant to NYLL § 215;

k. An award of damages for prohibited acts of retaliation pursuant to NYLL § 215;

l. An award of costs and expenses of this action together with reasonable attorneys' and expert fees; and,

m. Such other and further relief as this Court deems just and proper.

Dated: New York, New York
August 8, 2012

By: _____
Walker G. Harman, Jr. [WH-8044]
THE HARMAN FIRM, PC
*Attorneys for Plaintiffs*
200 West 57th Street, Suite 900
New York, NY 10019
Tel.: (212) 425-2600
Fax: (212) 202-3926
wharman@theharmanfirm.com