UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x

TYLER WALZ, STEPHEN STACY a/k/a STEVE STACY,
Each Individually And On Behalf Of All Other Persons
Similarly Situated,

                Plaintiffs,

-against-                                          No. 12 Civ. 5800 (CM)

44 & X incorporated as 10TH AVENUE GROUP, INC.,
SCOTT HART, Individually, and
BRUCE HOROWYTZ a/k/a BRUCE HOROWITZ,
Individually,

                Defendants.
-----------------------------------------------------------x

### DECISION AND ORDER GRANTING DEFENDANTS' MOTION
### TO DISMISS PLAINTIFFS' COMPLAINT IN PART

McMahon, J.:

## INTRODUCTION

On July 27, 2012, Tyler Walz ("Walz") and Stephen Stacy ("Stacy") (collectively, "Plaintiffs") commenced this action on behalf of themselves and other similarly situated persons (hereinafter "proposed class" or "proposed class members") against 44 & X (incorporated as 10th Avenue Group, Inc.) ("44&X"), Scott Hart ("Hart"), and Bruce Horowytz ("Horowytz") (collectively, "Defendants"), alleging failure to pay regular and overtime wages and retaliation in violation of the Fair Labor Standards Act ("FLSA") and the New York Labor Law ("NYLL"). Plaintiffs seek to bring this case as a collective action, pursuant to 29 U.S.C. § 207, and as a class action, under Federal Rule of Civil Procedure 23.

Defendants now move, pursuant to Federal Rule 12(b)(6), to dismiss Plaintiffs' complaint in part. Defendants argue that Plaintiffs' claim for unpaid overtime wages is not properly

1

pleaded under either the FLSA or the NYLL.  Defendants also argue that the retaliation claims brought on behalf of Plaintiff Stacy and the proposed class members are improperly pleaded.

For the reasons discussed below, Defendants' motion for partial dismissal is GRANTED in part and DENIED in part.

## BACKGROUND

### 1. Facts

#### a. Parties

From on or about July 27, 2006 until the present, Plaintiffs Walz and Stacy worked as "Restaurant Workers" for 44&X, a restaurant in Manhattan. (Compl. ¶ 33.)  As Restaurant Workers, Plaintiffs' responsibilities included "serving food and/or beverages." (*Id.* ¶ 23.) Plaintiffs define Restaurant Workers as including "bartenders, waitresses, servers, and bussers, including those individuals who carried out similar functions and whose work in the front part of the restaurant who performed substantively the same or similar job functions." (*Id.*)

Plaintiffs allege that they are "employees" for the purposes of both the FLSA and the NYLL. (*Id.* ¶¶ 60, 73, 78.)  Specifically, Plaintiffs claim that their work "required little skill and no capital investment," that they were not managers of any kind, and that they lacked the ability to hire and fire employees (or even recommend other employees for hiring and firing). (*Id.* ¶¶ 36, 38.)

Plaintiffs allege that Defendant Hart "owns, operates, and controls the day-to-day operations and management" of the restaurant and that Defendant Horowytz also owns and operates the restaurant. (*Id.* ¶¶ 9-10.)  For the purposes of the FLSA and the NYLL, Plaintiffs allege that Hart and Horowytz are "employers." (*Id.* ¶¶ 12, 59, 73, 78.)

### b. Failure to Pay Regular and Overtime Wages

From July 2006 to March 2009, Plaintiffs allege that Defendants "willfully failed to pay many Plaintiffs their hourly wage whatsoever." (*Id.* ¶ 35.) The complaint does not state whether Walz and Stacy, specifically, were not paid wages during this time period. The complaint does, however, allege that Defendants had a "policy and practice of refusing to pay wages . . . ." (*Id.* ¶ 63.)

Plaintiffs also claim that Defendants required them to attend mandatory, weekly or biweekly staff meetings, and Plaintiffs were not paid for their time spent in these meetings. (*Id.* ¶¶ 55-56.) Plaintiffs allege that these meetings lasted more than two hours each, and staff members who failed to attend these meetings were fired. (*Id.* ¶¶ 56-57.)

Plaintiffs also allege that they often worked more than forty hours per week, but Defendants willfully failed to pay Plaintiffs overtime compensation at a rate of one-and-a-half times their regular hourly rate, as required under the FLSA and the NYLL. (*Id.* ¶ 37.)

Plaintiffs further claim that while the exact number of individuals in the proposed class who were improperly denied wages and overtime compensation under the FLSA and the NYLL is not currently known, Defendants possess this information. (*Id.* ¶ 40.)

Additionally, Plaintiffs allege that Defendants failed to post and keep posted notices explaining the wage and overtime policies under the FLSA. (*Id.* ¶ 41.) Plaintiffs further claim that Defendants failed to maintain "accurate and sufficient time records." (*Id.* ¶ 41.)

### c. Stolen Tips

Plaintiffs claim that Defendants had a pattern of stealing tips from Plaintiffs. (*Id.* ¶ 46.) Specifically, Plaintiffs allege that Hart stole cash tips left by restaurant patrons. (*Id.* ¶ 47.)

Plaintiffs claim that Hart also stole tips when he "believed that Plaintiffs were not performing properly." (*Id.* ¶ 48.)

### d. Retaliation

Finally, Plaintiffs claim that they were "subjected to retaliation by Defendants." (*Id.* ¶ 49.) Walz claims that Hart fired him in retaliation after learning that Walz was planning to sue Defendants. (*Id.* ¶ 50.) Walz claims that on July 9, 2012 at 7:03 PM, Hart emailed Walz his work schedule "for the forthcoming workweek in which there were no changes from the week before for [Walz]." (*Id.* ¶ 51.) Then at 8:02 PM the same evening, Walz's attorney allegedly "emailed a preservation letter to Hart, outlining the forthcoming litigation in which at that time, Plaintiff Walz was the sole named Plaintiff." (*Id.* ¶ 52.) Walz claims that his first day back to work following that email was on July 14, 2012, at which time Hart fired Walz. (*Id.* ¶¶ 53, 54.) The complaint is devoid of similar allegations of retaliation against Stacy or other proposed class members.

## 2. Procedural History

On July 27, 2012, Walz and Stacy filed this complaint on behalf of themselves and other similarly situated persons against 44&X, Hart, and Horowytz for failure to pay regular and overtime wages and for retaliation in violation of the FLSA and NYLL. Additionally, pursuant to 29 U.S.C. § 207, Plaintiffs seek to bring this action as a collective action on behalf of all persons currently or formerly employed by 44&X at any time since July 27, 2009 who were non-exempt employees within the meaning of the FLSA, and who were not paid overtime wages in accordance with the FLSA. (*Id.* ¶ 15.) Plaintiffs also seek to bring this case as a class action, under Federal Rule 23(b), on behalf of all persons currently or formerly employed as restaurant workers by 44&X at any time since July 27, 2006 who were classified by 44&X as exempt

4

employees within the meaning of the NYLL, and who were not paid overtime wages in violation of the NYLL. (*Id.* ¶¶ 21-22.)

Defendants now move, pursuant to Federal Rule 12(b)(6), to dismiss Plaintiffs' complaint in part. Specifically, Defendants move to dismiss Plaintiffs' collective claims for overtime wages and Stacy's and the proposed class members' claims for retaliation, under both the FLSA and the NYLL.[1] These claims are found in Plaintiffs' First, Second, Third, and Fifth Causes of Action.

## DISCUSSION

### 1. Standard for a Motion to Dismiss

Under Federal Rule of Civil Procedure 12(b)(6), a defendant may move to dismiss a complaint that "fail[s] to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). When ruling on such a motion, the court must "accept the material facts alleged in the complaint as true" and "draw[] all reasonable inferences from its allegations in favor of the plaintiff." *Lee v. Sony BMG Music Entm't, Inc.*, 557 F. Supp. 2d 418, 423 (S.D.N.Y. 2008).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter . . . to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual

---

[1] Defendants 44&X and Hart made this motion on August 17, 2012, and Defendant Horowytz made the same motion on September 12, 2012. Although all parties are represented by the same attorney, Defendant Horowytz moved separately because he was not served until August 22, 2012, which was after the date of filing of the other two Defendants' motion. Both motions seek the same relief, so I can dispose of them in a single opinion.

5

allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (internal quotations, citations and alterations omitted). This means that the complaint must assert "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570. Thus, unless a plaintiff's well-pleaded allegations have "nudged [his] claims across the line from conceivable to plausible, [the plaintiff's] complaint must be dismissed." *Id.*; *Iqbal*, 556 U.S. at 680.

## 2. The Motion to Dismiss Plaintiffs' Claims for Unpaid Overtime Wages is Granted Without Prejudice

Plaintiffs' first and third causes of action allege that Defendants violated the FLSA, 29 U.S.C. §§ 201-219 and the NYLL by willfully refusing to pay regular and overtime wages. Plaintiffs also allege a violation of § 211(c) of the FLSA for failing to keep records of the wages, hours, and conditions of employment of all Defendants' employees. Defendants, however, only seek dismissal of Plaintiffs' claim for failure to pay overtime wages.

In order to bring a suit for failure to pay overtime under the FLSA, a plaintiff must assert the following elements: (1) the existence of an employer-employee relationship between the parties, (2) the existence of some kind of interstate activity in the employee's work, (3) the approximate number of unpaid overtime hours worked, and (4) in cases where a plaintiff brings an FLSA claim on behalf of other similarly situated employees, an indication of who these other employees are and the facts entitling them to relief. *Zhong v. August August Corp.*, 498 F. Supp. 2d 625, 628 (S.D.N.Y. 2007) (citing 29 U.S.C. §§ 206(a), 207(a)(1), 216(b)).

The standard for bringing a claim for unpaid overtime under the NYLL is substantially the same as the FLSA. *See Nichols v. Mahoney*, 608 F. Supp. 2d 526, 548 (S.D.N.Y. 2009) (internal citations omitted) ("The relevant portions of the [New York] Labor Law do not diverge

from the FLSA."). "Both the FLSA and the NYLL require that a complaint state more than vague legal conclusions to survive a Fed.R.Civ.P. 12(b)(6) motion. At a minimum, it must set forth the approximate number of unpaid regular and overtime hours allegedly worked." *Nakahata v. New York-Presbyterian Healthcare Sys., Inc.*, 10 Civ. 2661, 2011 WL 321186, at *4 (S.D.N.Y. Jan. 28, 2011) (internal citations omitted).

Defendants assert that Plaintiffs' claims for unpaid overtime are improperly pled because they fail to provide the approximate number of overtime hours allegedly worked or the time frame in which the overtime was earned. Plaintiffs argue that neither *Twombly* nor *Iqbal* requires Plaintiffs to plead the exact number of unpaid overtime hours worked. (Pls.' Mot. in Op., 14.) Plaintiffs also claim that the "seventeen (17) factually specific allegations" contained in the complaint should satisfy the *Twombly* and *Iqbal* plausibility standard. (*Id.* at 2.)

*Twombly* and *Iqbal* require that a complaint allege enough facts to plausibly support entitlement to the relief sought. Neither *Twombly* nor *Iqbal* specifically require Plaintiffs to plead the number of hours worked, but the court in *Zhong* concluded that Plaintiffs need to allege an approximate number of unpaid overtime hours worked. Moreover, whether or not a complaint survives a 12(b)(6) motion depends on the *quality* of facts alleged, not quantity. *See Nakahata*, 2011 WL 321186, at *3 ("To avoid dismissal, the complaint must contain 'enough facts to state a claim to relief that is plausible on its face,' that is to say, facts that 'nudge[ ] [the plaintiff's] claims across the line from conceivable to plausible . . . .'" (quoting *Twombly*, 550 U.S. at 570)).

"Simply stating that Plaintiffs were not paid for overtime work does not sufficiently allege a violation of Section 7 of the FLSA." *Nakahata*, 2011 WL 321186, at *4 (quoting *Acosta v. Yale Club of N.Y.C.*, 4 CIV. 0888, 1995 WL 600873, at *4 (S.D.N.Y. Oct. 12, 1995)) (internal

7

quotation marks omitted). Rather, "Plaintiff[s] must provide at least some approximation of the overtime hours that defendants required them to work and a time frame for when those hours were worked." *DeSilva v. North-Shore Long Island Jewish Health Sys., Inc.*, 770 F. Supp. 2d 497, 509 (E.D.N.Y. 2011). Furthermore, Plaintiffs "cannot avoid their pleading obligations by arguing that [their employer] has better access to information concerning hours worked or wages paid[,] [e]ven when facts are peculiarly within the possession of a defendant . . . . The necessary facts should be pled upon information and belief." *Id.* at 510 (quoting *Pruell v. Caritas Christi*, No. 09–11466–GAO, 2010 WL 3789318, *4 (D. Mass. Sept. 27, 2010)) (internal quotation marks omitted).

Here, Plaintiffs' complaint merely alleges that "Plaintiffs often worked in excess of forty (40) hours a week" and Defendants did not pay them time-and-a-half, as required by the FLSA. (Compl. ¶¶ 37, 39.) Plaintiffs do not provide an estimate of how often they worked overtime or for how many hours, nor do they provide the time frame for when these unpaid hours were earned. Even stating "most weeks during the entire course of my employment, I worked at least two hours later than my shift, plus a two-hour meeting every day" would be enough detail for this Court. Plaintiffs should be able to provide this information even without discovery, because they should have some sense of how often they worked overtime and whether they worked one, two, six, or eight hours of overtime.

Because Plaintiffs do not provide such information, their claims of unpaid overtime are dismissed without prejudice. *See DeSilva*, 770 F. Supp. 2d at 509 (finding Plaintiffs' complaint insufficiently pled where Plaintiffs alleged only that they regularly worked over forty hours per week). Plaintiffs have 14 days to file an amended complaint.

### 3. The Motion to Dismiss Plaintiffs' Retaliation Claims is Denied

Plaintiffs' second and fifth causes of action are for retaliation under the FLSA and NYLL. Defendants move to dismiss these claims, to the extent that they purport to be alleged by Plaintiff Stacy and on behalf of the proposed class members. This motion is denied.

"A plaintiff alleging retaliation under FLSA must first establish a prima facie case of retaliation by showing (1) participation in protected activity known to the defendant, like the filing of a FLSA lawsuit; (2) an employment action disadvantaging the plaintiff; and (3) a causal connection between the protected activity and the adverse employment action." *Mullins v. City of N.Y.*, 626 F.3d 47, 53 (2d Cir. 2010). As noted above, the NYLL provisions on retaliation do not differ much from those in the FLSA. *Nichols*, 608 F. Supp. 2d at 548. "The FLSA and NYLL use similar language to describe what conduct is prohibited in their anti-retaliation provisions." *Copantitla v. Fiskardo Estiatorio, Inc.*, 788 F.Supp.2d 253, 304 (S.D.N.Y. 2011). "Accordingly, use of similar standards for what constitutes an adverse employment action also seems appropriate." *Id.*

From the facts of the complaint, only Plaintiff Walz pleads a claim of retaliation. The complaint alleges that Defendant Hart fired Walz after he learned of, and because of, Walz's involvement in this litigation. (Compl. ¶¶ 49-54.) Thus, Walz' retaliation claim is properly pled under both statutes. It is not that Stacy's retaliation claim is improperly pled; rather, Stacy asserts no retaliation claim at all. Thus, there is nothing to dismiss as to Stacy.

At the moment, there are no factual allegations that anyone other than Walz has experienced retaliation, so it is hard to see how a class-wide claim could be asserted. (*See* Compl. ¶¶ 69-71, 82-84.) Furthermore, it is highly unlikely that a class retaliation claim could

9

ever be certified. But a 12(b)(6) motion is not the proper method in which to raise this issue. If Plaintiff Walz seeks class certification of a retaliation claim, I will deal with it at that time.

## CONCLUSION

For the reasons stated herein, Defendants' motion to dismiss Plaintiffs' complaint in part is GRANTED, and Plaintiffs' complaint is DISMISSED IN PART without prejudice and with leave to amend. Plaintiffs must follow the usual course of filing a motion for leave to amend, attaching the proposed amended complaint, if they wish to have this option considered. If they are unable to bolster significantly their allegations, amendment will be deemed futile, and I will dismiss the complaint in part with prejudice. Plaintiffs must file their amended complaint no later than 14 days from the date of this order.

When Plaintiffs file their amended complaint (if they do), they should serve a motion for conditional certification of an opt-in class under FLSA § 216(b). In the motion, Plaintiffs must specifically identify the particulars of the class they seek to certify conditionally.

This case has languished as a result of this motion to dismiss. Because the FLSA claim is an opt-in, rather than opt-out, class, the statute of limitations is running every day. Accordingly, Defendants must respond to that motion within 14 days.

The Clerk is directed to remove the motions at ECF Nos. 9 and 17 from the Court's list of open motions.

Dated: November 7, 2012

U.S.D.J.

BY ECF TO ALL PARTIES

10