**jackson lewis**

Attorneys at Law

Representing Management Exclusively in Workplace Law and Related Litigation

Jackson Lewis LLP
666 Third Avenue
New York, New York 10017
Tel 212 545-4000
FAX 212 972-3213
www.jacksonlewis.com

ALBANY, NY
ALBUQUERQUE, NM
ATLANTA, CA
AUSTIN, TX
BALTIMORE, MD
BIRMINGHAM, AL
BOSTON, MA
CHICAGO, IL
CINCINNATI, OH
CLEVELAND, OH
DALLAS, TX

DENVER, CO
DETROIT, MI
GREENVILLE, SC
HARTFORD, CT
HOUSTON, TX
INDIANAPOLIS, IN
JACKSONVILLE, FL
LAS VEGAS, NV
LONG ISLAND, NY
LOS ANGELES, CA
MEMPHIS, TN
MIAMI, FL

MILWAUKEE, WI
MINNEAPOLIS, MN
MORRISTOWN, NJ
NEW ORLEANS, LA
NEW YORK, NY
NORFOLK, VA
OMAHA, NE
ORANGE COUNTY, CA
ORLANDO, FL
PHILADELPHIA, PA
PHOENIX, AZ
PITTSBURGH, PA

PORTLAND, OR
PORTSMOUTH, NH
PROVIDENCE, RI
RALEIGH-DURHAM, NC
RICHMOND, VA
SACRAMENTO, CA
SAN DIEGO, CA
SAN FRANCISCO, CA
SEATTLE, WA
STAMFORD, CT
WASHINGTON, DC REGION
WHITE PLAINS, NY

MY DIRECT DIAL USDG:SDNV 005
MY EMAIL ADDRESS: DOCUMENTF@JacksonLewis.com

ELECTRONICALLY FILED
DOC#
DATE FILED: 6/6/13

MEMO ENDORSED 6/6/13

May 7, 2013

The claims of plaintiff Forrest Bayless are *dismissed* with prejudice.

SO ORDERED.

Hon. Andrew Jay Peck
United States Magistrate Judge

Copy to ECF', AJP Counsel

BY ECF

**VIA FEDERAL EXPRESS**

Hon. Andrew J. Peck
United States Magistrate Judge
United States District Court
Southern District of New York
500 Pearl Street
New York, New York 10007

Re:     *Walz et al. v. 44 & X et al*
        12 CV 5800 (CM)(AJP)

Dear Judge Peck:

        We represent Defendants 44 & X incorporated as Tenth Avenue Group, Inc., Scott Hart and Bruce Horowytz (collectively, hereinafter "Defendants") in the above-referenced matter. We write to respectfully request that the court dismiss with prejudice Plaintiff Forrest Bayless, for failure to respond to Defendants' discovery request and failure to comply with the Court's April 4, 2013 Order. Pursuant to F.R.C.P. Rule 37, an action may be dismissed, in whole or in part, for a party's failure to comply with a court order instructing the party comply with its discovery obligations. On April 4, 2013, this Court ordered Plaintiff Bayless to respond to Defendants' discovery requests and produce documents by April 18, 2013. (See excerpt from April 4, 2013 hearing transcript, attached as Exhibit A). Plaintiff Bayless has failed to respond to any of Defendants' discovery requests or produce any documents in the above-referenced matter.

**I.      BACKGROUND**

        On October 1, 2012, Plaintiff Bayless filed a Consent to Be a Party Plaintiff in the above-referenced case. Defendants served their first discovery requests upon Plaintiffs' counsel on November 5, 2013. On December 21, 2012, via letter, Defendants notified Plaintiffs of certain discovery deficiencies including Plaintiff Bayless's complete failure to respond to the Defendants' discovery requests, which included Defendants' First Set of Interrogatories to Opt-In Plaintiffs and Plaintiffs, Defendants' First Request For Production of Documents for Opt-In Plaintiffs and Plaintiffs and Defendants' Notice of Deposition to Forrest Bayless. (See Letter to Plaintiffs' Counsel, dated December 21, 2012, attached hereto as Exhibit B).



On February 12, 2013, Defendants wrote a second deficiency letter concerning Plaintiff Bayless's failure to respond to any of Defendants' discovery demands. (See Letter to Plaintiffs' Counsel, dated February 12, 2013, attached hereto as Exhibit C). On February 14, 2013, at a discovery conference in front of this Court, Defendants noted that Plaintiff Bayless had failed to respond to any discovery requests and they had requested Plaintiff Bayless comply by February 19, 2013. (See excerpt from February 14, 2013 hearing attached hereto as Exhibit D). On February 19, 2013, the parties entered into a stipulation staying all litigation and discovery for the purpose of commencing settlement negotiations. On April 1, 2013, the parties notified the Court that they intended to resume litigation.

As discussed above, on April 4, 2013, Defendants notified the Court that Plaintiff Bayless still had yet to respond to any of Defendants' discovery requests or produce a single document. (See Exhibit A). The Court ordered Plaintiff Bayless to provide his responses to Defendants' discovery requests in two weeks, stating "for any of the plaintiffs named or opt-in, if they are served with discovery requests and they don't feel like participating, they can't have it both ways. ... Absent a stipulation, somebody will make an application and that parties' claims will be dismissed either by me or Judge McMahon." Id.

## II.    PLAINTIFF BAYLESS SHOULD BE DISMISSED WITH PREJUDICE

When reviewing whether to dismiss a party from an action with prejudice, courts look to the following factors (1) the willfulness of the non-compliant party or the reason for noncompliance; (2) the efficacy of lesser sanctions; (3) the duration of the period of non-compliance; and (4) whether the non-compliance party has been warned of the consequences of noncompliance." Agiwal v. Mid Island Mortgage Corp., 555 F.3d 298, 302 (2d Cir. 2009).

For over six months, Plaintiff Bayless has failed to respond to any of Defendants' discovery requests. Defendants have notified Plaintiff Bayless, through his counsel, several times of his deficiencies. Further, Plaintiff Bayless has defied a court order to produce said discovery responses. Accordingly all of the above factors support a dismissal of Plaintiff Bayless from the case with prejudice. See e.g., Agiwal 555 F.3d at 303 (holding that a plaintiff's refusal to comply with discovery demands and the related court orders for a period of approximately six months supported the district court's dismissal with prejudice); Nieves v. City of New York, 208 F.R.D. 531 (S.D.N.Y. 2002) (dismissing a plaintiff with prejudice for failure to fully and adequately respond to Defendant's discovery requests and subsequent deficiency letters as well as failure to comply with the related court orders, stating that "[i]n the absence of any excuse or justification, imposing a lesser sanction and thereby permitting [Plaintiff] to maintain this action despite flagrant disregard for discovery orders, would not serve *Rule 37*'s goal of precluding disobedient parties from obtaining a benefit from disobedience;") Morangelli v. Ercole, 10 Civ. 00876 (BMC), 2011 U.S. Dist. LEXIS 151 (E.D.N.Y. Jan. 1, 2011) (ordering the dismisssal with prejudice of any opt-in plaintiffs in an FLSA action who failed to appear for a court-ordered deposition.)



**jackson|lewis**
Attorneys at Law

Hon. Andrew J. Peck
United States District Court
May 7, 2013
Page 3

Accordingly, Defendants respectfully request that the Court dismiss with prejudice unresponsive plaintiff, Forrest Bayless.

Very truly yours,

JACKSON LEWIS LLP

Felice Ekelman

Felice B. Ekelman

Enclosures

cc:     Joanna S. Smith, Esq. (via email)
        Walker G. Harman, Jr., Esq. (via email)
        Peter J. Andrews, Esq. (via email)

# EXHIBIT A

1

```
        D44nwalc                   Conference
 1   UNITED STATES DISTRICT COURT
 1   SOUTHERN DISTRICT OF NEW YORK
 2   ------------------------------x
 2
 3   TYLER WALZ, et al.,
 3
 4                    Plaintiffs,
 4
 5              v.                          12-CV-5800 (CM)(AJP)
 5
 6   44&X, incorporated as 10th
 6   AVENUE GROUP INC., et al.,
 7
 7                    Defendants.           Conference
 8
 8   ------------------------------x
 9                                          New York, N.Y.
 9                                          April 4, 2013
10                                          10:35 a.m.
10
11   Before:
11
12                       HON. ANDREW J. PECK,
12
13                                          Magistrate Judge
13
14                            APPRARANCES
14
15   THE HARMAN FIRM PC
15        Attorneys for Plaintiffs
16   BY:  WALKER G. HARMAN, JR., ESQ.
16        PETER J. ANDREWS, ESQ.
17
17   JACKSON LEWIS LLP
18        Attorneys for Defendants
18   BY:  FELICE B. EKELMAN, ESQ.
19
20
21
22
23
24
25
                      SOUTHERN DISTRICT REPORTERS, P.C.
                             (212) 805-0300
```

16
D44nwalc                  Conference
1           THE COURT:  All right.  Ms. Ekelman.
2           MS. EKELMAN:  OK.  First of all, we wrote counsel a
3    letter when they declined to pursue settlement today and asked
4    for the return of the FRE 408 materials that were prepared and
5    provided to them in contemplation of the settlement conference.
6           All of that is class discovery and discovery regarding
7    individuals who have not opted in, and we would like the return
8    of that.  They have ignored our letter.  I don't think it is
9    unreasonable.
10          THE COURT:  Can everyone try to keep their sentences
11   short.
12          Mr. Harman?
13          MR. HARMAN:  I have no objection to returning the
14   materials and waiting on the judge's ruling on the Rule 23
15   motion.
16          THE COURT:  Then do it.
17          Thank you.  That is resolved.
18          MS. EKELMAN:  Next.  One plaintiff, Mr. Bayless, who
19   we understand has relocated out of state has never responded to
20   any discovery, and it is not clear whether he will and whether
21   he will appear in the jurisdiction for a deposition.  We'd like
22   to know what the status of his claim is.
23          THE COURT:  OK.
24          What is the status as to Bayless?
25          MR. HARMAN:  The status is Mr. Bayless is a named
                 SOUTHERN DISTRICT REPORTERS, P.C.
                         (212) 805-0300

```
                                                             17
        D44nwalc              Conference
   1    plaintiff in the action, and we will respond, we will provide
   2    his discovery responses, and we will arrange a date for his
   3    deposition.  That was all on hold while we were pursuing the
   4    settlement.  I just want to respond briefly to --
   5              THE COURT:  Must you?
   6              MR. HARMAN:  Yes.  Because we did not decline to
   7    participate in a settlement.
   8              THE COURT:  You each were only a few zeros, like three
   9    or six zeros apart.
  10              Please.  Life is short.
  11              MR. HARMAN:  If Ms. Ekelman can keep her commentary --
  12              THE COURT:  Both of you.  Get a life.  Ease up, both
  13    of you.
  14              Next issue?
  15              MS. EKELMAN:  When Mr. Bayless will provide his
  16    discovery.
  17              THE COURT:  Two weeks, the same as your production.
  18    Two weeks.  Obviously, for any of the plaintiffs named or
  19    opt-in, if they are served with discovery requests and they
  20    don't feel like participating, they can't have it both ways.
  21              I prefer to deal with that by a stipulation.  Absent a
  22    stipulation, somebody will make an application and that
  23    parties' claims will be dismissed either by me or Judge
  24    McMahon.
  25              Next?
                      SOUTHERN DISTRICT REPORTERS, P.C.
                              (212) 805-0300
```

# EXHIBIT B

# jackson | lewis

*Attorneys at Law*

Representing Management Exclusively in Workplace Law and Related Litigation

Jackson Lewis LLP
666 Third Avenue
New York, New York 10017
Tel 212 545-4000
Fax 212 972-3213
(www.jacksonlewis.com)

| | | |
|---|---|---|
| ALBANY, NY | DENVER, CO | MILWAUKEE, WI | PORTLAND, OR |
| ALBUQUERQUE, NM | DETROIT, MI | MINNEAPOLIS, MN | PORTSMOUTH, NH |
| ATLANTA, GA | GREENVILLE, SC | MORRISTOWN, NJ | PROVIDENCE, RI |
| AUSTIN, TX | HARTFORD, CT | NEW ORLEANS, LA | RALEIGH-DURHAM, NC |
| BALTIMORE, MD | HOUSTON, TX | NEW YORK, NY | RICHMOND, VA |
| BIRMINGHAM, AL | INDIANAPOLIS, IN | NORFOLK, VA | SACRAMENTO, CA |
| BOSTON, MA | JACKSONVILLE, FL | OMAHA, NE | SAN DIEGO, CA |
| CHICAGO, IL | LAS VEGAS, NV | ORANGE COUNTY, CA | SAN FRANCISCO, CA |
| CINCINNATI, OH | LONG ISLAND, NY | ORLANDO, FL | SEATTLE, WA |
| CLEVELAND, OH | LOS ANGELES, CA | PHILADELPHIA, PA | STAMFORD, CT |
| DALLAS, TX | MEMPHIS, TN | PHOENIX, AZ | WASHINGTON, DC REGION |
| | MIAMI, FL | PITTSBURGH, PA | WHITE PLAINS, NY |

MY DIRECT DIAL IS: (212) 545-4016
MY EMAIL ADDRESS IS: JOANNA.SMITH@JACKSONLEWIS.COM

December 21, 2012

**VIA E-MAIL & U.S. MAIL**

Walker G. Harman, Jr., Esq.
Peter J. Andrews, Esq.
The Harman Firm, P.C.
200 West 57th Street, Suite 900
New York, New York 10019

> Re:  ***Walz et al. v. 44 & X et al.***
>        12 CV 5800(CM)(AJP)

Dear Walker and Peter:

      We are writing to address several deficiencies in Plaintiffs' discovery responses which were served on June 1, 2012.

## I.  Plaintiffs Have Not Provided Separate Responses to the Discovery Requests and Have Not Verified Their Interrogatory Answers.

      Defendant's discovery requests to Plaintiffs (document requests and interrogatories) instructed each Named and Opt-In Plaintiff to provide separate responses to the requests, along with (separate) verifications for the interrogatory answers. Fed. R. Civ. P. 33(b)(3) requires that interrogatories be answered "fully in writing under oath." Further, "the person who makes the answers must sign them." See Fed. R. Civ. P. 33(b)(5). It is unclear from the responses provided as to which Plaintiffs have fully responded to which requests to date. In addition to being required by the Federal Rules of Civil Procedure, sworn verifications to the interrogatory answers will inform Defendant as to which Plaintiffs have complied with their discovery obligations.

## II.  Plaintiffs Bayless and Stacy Have Not Responded to Defendants' Discovery Requests At All

      As you know, "when an individual voluntarily chooses to participate in [a] lawsuit, he takes on the obligation to provide discovery about his claim." Morangelli v. Chemed Corp., 10 Civ. 00876 (BMC), 2011 U.S. Dist. LEXIS 151, at *3 (E.D.N.Y. Jan. 1, 2011). Thus, each of your clients


Attorneys at Law

Walker G. Harman, Jr., Esq,
The Harman Firm, P.C.
December 21, 2012
Page 2

must comply with his or her discovery obligations. Currently, it appears that Plaintiffs Bayless and Stacy have not responded to *any* of the Defendants' discovery requests. If each Plaintiff fails to provide discovery about his claim by January 9, 2013, we will be constrained to seek Court intervention and, if appropriate, move to dismiss those Plaintiffs who have not responded to the discovery requests.

## III.    Walz's Response to Document Request No. 6 Is Inadequate

Request No. 6 asked for production of "Plaintiff's W-2 forms, 1099 forms, and Federal and Local Income Tax returns for *each year* from 2006 to the present." (emphasis added.) Plaintiff Walz's production of only his 2011 W-2 is inadequate. Please provide all additional requested documents, including Plaintiff Walz's 2012 documents as they become available.

## IV.    Plaintiffs Marr's and Calderon's Response to Document Request No. 6 Is Inadequate

Request No. 6 asked for production of "Plaintiffs' W-2 forms, 1099 forms, and Federal and Local Income Tax returns for *each year* from 2006 to the present." (emphasis added.) Plaintiff Marr's production of only his 2010 W-2 is inadequate. Plaintiff Calderon's production of his 2010 W-2 and his 2009 Summary of W-2 statements is inadequate. Please provide all additional requested documents, including Plaintiff Marr's and Calderon's 2012 documents as they become available.

## V.     Plaintiff Walz's Response to Interrogatory No. 2 is Inadequate

Interrogatory No. 2 asked Plaintiff Walz responding to "Identify each and every person including their names, addresses (including email), and telephone numbers you contacted in connection with this matter." Plaintiff Walz's Objection to this Request "that it is unclear who the term "you" is directed to" is disingenuous as Defendants First Set of Interrogatories specifically defines the term "You" as "the Plaintiff responding to the within Interrogatories." Furthermore, Plaintiff Walz's general response of "Current and former employees of Defendants" fails to properly respond to the Interrogatory. Even further, *who* the Plaintiffs have contacted is not subject to attorney-client privilege and accordingly is discoverable. Please provide the information requested by January 9, 2013.

## VI.    Plaintiff Calderon's and Marr's Response to Interrogatory No. 2 is Inadequate

For the same reasons as stated above for Plaintiff Walz, Plaintiff Calderon's and Plaintiff Marr's responses to Interrogatory No. 2 are inadequate. Please provide the information requested by January 9, 2013.

*          *          *          *

Please provide complete responses from all Plaintiffs to Defendant's discovery requests, as outlined above. If Plaintiffs fail to do so by January 9, 2013, we will be constrained to seek appropriate relief from the Court. If Plaintiffs do not intend to supplement their discovery to respond to these requests, please advise us immediately so that we can advise the Court of this dispute.

**jackson|lewis**

Attorneys at Law

Walker G. Harman, Jr., Esq.
The Harman Firm, P.C.
December 21, 2012
Page 3

Thank you for your anticipated cooperation in this regard.

Very truly yours,
JACKSON LEWIS LLP

Joanna S. Smith

cc:    Felice B. Ekelman, Esq.

# EXHIBIT C

**jackson|lewis**

Attorneys at Law

Representing Management Exclusively in Workplace Law and Related Litigation

Jackson Lewis LLP
800 Third Avenue
New York, New York 10017
Tel 212 545-4000
Fax 212 972-3213
www.jacksonlewis.com

ALBANY, NY
ALBUQUERQUE, NM
ATLANTA, GA
AUSTIN, TX
BALTIMORE, MD
BIRMINGHAM, AL
BOSTON, MA
CHICAGO, IL
CINCINNATI, OH
CLEVELAND, OH
DALLAS, TX
DENVER, CO

DETROIT, MI
GREENVILLE, SC
HARTFORD, CT
HOUSTON, TX
INDIANAPOLIS, IN
JACKSONVILLE, FL
LAS VEGAS, NV
LONG ISLAND, NY
LOS ANGELES, CA
MEMPHIS, TN
MIAMI, FL
MILWAUKEE, WI

MINNEAPOLIS, MN
MORRISTOWN, NJ
NEW ORLEANS, LA
NEW YORK, NY
NORFOLK, VA
OMAHA, NE
ORANGE COUNTY, CA
ORLANDO, FL
PHILADELPHIA, PA
PHOENIX, AZ
PITTSBURGH, PA
PORTLAND, OR

PORTSMOUTH, NH
PROVIDENCE, RI
RALEIGH-DURHAM, NC
RICHMOND, VA
SACRAMENTO, CA
SAINT LOUIS, MO
SAN DIEGO, CA
SAN FRANCISCO, CA
SEATTLE, WA
STAMFORD, CT
WASHINGTON, DC REGION
WHITE PLAINS, NY

MY DIRECT DIAL IS: (212) 545-4016
MY EMAIL ADDRESS IS: JOANNA.SMITH@JACKSONLEWIS.COM

February 12, 2013

## VIA E-MAIL & U.S. MAIL

Walker G. Harman, Jr., Esq.
Peter J. Andrews, Esq.
The Harman Firm, PC
200 West 57th Street
Suite 900
New York, New York 10019

Re:   *Walz et al. v. 44 & X et al.*
      12 CV 5800 (CM)(AJP)

Dear Walker and Peter:

We are writing to address continuing deficiencies in Plaintiffs' discovery responses which were served on November 5, 2012. On December 21, 2012, we sent a letter detailing several deficiencies in Plaintiffs' initial discovery responses. Certain of those deficiencies have not yet been corrected.

### I.   Plaintiff Bayless Has Not Responded To Defendants' Discovery Requests At All

Plaintiff Bayless has yet to respond to any of Defendants' discovery requests. Plaintiff Bayless has failed to provide any answers to Defendants' First Set of Interrogatories, let alone verified responses as required under Fed. R. Civ. P. 33(b). Plaintiff Bayless has also failed to provide any documents in response to Defendants' First Request for the Production of Documents.

On January 16, 2013, you wrote "[a]s you may note, Plaintiff Bayless has not answered Defendants' Requests and we are currently trying to contact him so that he answers Defendants' requests." As you know, "when an individual voluntarily chooses to participate in [a] lawsuit, he takes on the obligation to provide discovery about his claim." Morangelli v. Chemed Corp., 10 Civ. 00876 (BMC), 2011 U.S. Dist. LEXIS 151, at *3 (E.D.N.Y. Jan. 1, 2011). If Plaintiff Bayless continues to fail to provide discovery about his claim by February 19, 2013, we will be constrained to seek Court intervention.

# jackson lewis
Attorneys at Law

## II.    Plaintiff Walz Has Failed to Provide Any Mitigation Documents

Plaintiff Walz has failed to provide any documents (a) regarding other employment and/or compensation he received concurrently while he was employed at 44 & X; (b) regarding other employment and/or compensation he received after his employment with 44 & X was terminated; and (c) documents regarding Plaintiff Walz's efforts to obtain employment after his employment with 44 & X was terminated.  Plaintiff Walz' production of only his 2011 W-2 from 10th Avenue Group is inadequate.  Documents of this nature are highly relevant to Plaintiff Walz's claim of retaliation for purposes of mitigation.  Further, as all tax documents including W-2s and/or 1099s have by law been sent to recipients for the tax year 2012, Plaintiff Walz should now be able to produce documents for any and all employment held in 2012. Please provide the information requested by February 19, 2013.

## III.    Plaintiffs Have Not Provided A Privilege Log

.  Plaintiffs have not provided a privilege log.  Please either confirm that there are no privileged documents, thereby making a log unnecessary, or produce a privilege log by February 19, 2013.

## IV.    Plaintiff Bayless Has Not Provided Potential Dates For His Deposition

We served Plaintiff Bayless with a deposition notice, through his counsel on November 5, 2013.  On January 11, 2013, Defendants agreed to schedule Plaintiff Bayless's deposition to coincide with dates on which Plaintiff Bayless already intended to be in New York, within reason.  We have yet to receive any proposed dates for Plaintiff Bayless's Deposition.  Should Plaintiff Bayless not intend to visit New York in the near future, Plaintiff Bayless must still provide dates for his deposition.  Please provide potential dates for Plaintiff Bayless's deposition by February 19, 2013.

*          *          *          *          *

Please provide complete responses from all Plaintiffs to Defendants' discovery requests, as outlined above.  If Plaintiffs fail to do so, by February 19, 2013, we will be constrained to seek appropriate relief from the Court.  If Plaintiffs do not intend to supplement their discovery to respond to these requests, please advise us immediately so that we can advise the Court of this dispute.

Thank you for your anticipated cooperation in this regard.

Very truly yours,
JACKSON LEWIS LLP

Joanna S. Smith

cc:    Felice B. Ekelman, Esq.

# EXHIBIT D

1

D2elwalc

1 | UNITED STATES DISTRICT COURT
  | SOUTHERN DISTRICT OF NEW YORK
2 | ------------------------------x

3 | TYLER WALZ, et al.,

4 |               Plaintiffs,

5 |         v.                          12-CV-5800 (CM)(AJP)

6 | 44&X, incorporated as 10th
  | AVENUE GROUP INC., et al.,

7 |

8 |               Defendants.           Conference

  | ------------------------------x

9 |                                     New York, N.Y.
  |                                     February 14, 2013
10|                                     9:36 a.m.

11| Before:

12|                     HON. ANDREW J. PECK,

13|                                     Magistrate Judge

14|                         APPEARANCES

15| THE HARMAN FIRM PC
  |      Attorneys for Plaintiffs
16| BY:  WALKER G. HARMAN, JR., ESQ.
  |      PETER J. ANDREWS, ESQ.
17|
18| JACKSON LEWIS LLP
  |      Attorneys for Defendants
  | BY:  JOANNA S. SMITH, ESQ.
19|

20|

21|

22|

23|

24|

25|

13

D2e1walc

1    matter.   There are rules that are in place.

2    MR. HARMAN:   It was just an effort to move it along

3    because --

4    THE COURT:   Judge McMahon is almost as quick as I am,

5    sometimes as quick or quicker.   So you're in a quick docket

6    whichever level of it you're looking at on this case.

7    All right.   Anything else from the plaintiffs?

8    MR. HARMAN:   I don't believe so at this time, your

9    Honor.   Thank you.

10   THE COURT:   Ms. Smith, any issues from the defense?

11   MS. SMITH:   Just a couple of notes, your Honor.

12   One -- and I'm sorry again to ask for clarification.

13   Our normal practices in dealing with a third-party

14   administrator is for us to give e-mails directly to the

15   third-party administrator rather than through plaintiff's

16   counsel, and so we'd just like to make sure that that's the

17   normal procedure for this case.

18   THE COURT:   Any problem with that?

19   MR. HARMAN:   No.   I have no objection.

20   THE COURT:   Okay.

21   MS. SMITH:   Okay.   And the other notes are just that,

22   as my opposing counsel has noted, we've been having several

23   conferences regarding discovery and have moved several things

24   along, including scheduling depositions and everything else.

25   There are a couple of things that we're still in the midst of

SOUTHERN DISTRICT REPORTERS, P.C.
(212) 805-0300

D2elwalc

1   discussing that may come up before the court in the future.

2   One is, one of the named plaintiffs has yet to give us

3   actual -- any discovery, nor has had a deposition date.

4   Because he is out of state, we have been agreeing to try and

5   figure out a date that's mutually comfortable for both, but

6   that may come up in the future. We have asked them to respond

7   at least with regard to that, by February 19th.

8          Second, also one of the named plaintiffs, the only one

9   who so far has sent a claim for retaliation, has not produced

10  yet mitigation documents. Again, we've asked that they produce

11  things by February 19th. That may come up again, depending

12  upon what we're able to confer upon later, at a later date.

13         MR. HARMAN: Your Honor, we're working on both these

14  issues. Mr. Bayless is in Louisiana and he -- I was working

15  very hard to get dates from him yesterday, and he informed me

16  that his grandfather passed away yesterday, so he asked me for

17  an additional week so that we could reconvene, and we plan on

18  talking again next week so that I can get discovery responses

19  from him and a deposition date from him.

20         With respect to mitigation information, that will be

21  forthcoming. There's no dispute about that. It's just a

22  matter of getting the information.

23         THE COURT: Okay.

24         MR. HARMAN: We will have other issues,

25  particularly --

=== COVER PAGE ===

TO: _____

FROM:      JACKSON LEWIS LLP

FAX:  2129723213

TEL:

COMMENT:

Representing Management Exclusively in Workplace Law and Related Litigation

# jackson | lewis

Attorneys at Law

Jackson Lewis LLP
666 Third Avenue
New York, New York 10017-
4030
Tel 212.545.4000
Fax 212.972-3213
www.jacksonlewis.com

| | | | |
|---|---|---|---|
| ALBANY, NY | GREENVILLE, SC | MORRISTOWN, NJ | PORTSMOUTH, NH |
| ALBUQUERQUE, NM | HARTFORD, CT | NEW ORLEANS, LA | PROVIDENCE, RI |
| ATLANTA, GA | HOUSTON, TX | NEW YORK, NY | RALEIGH-DURHAM, NC |
| AUSTIN, TX | INDIANAPOLIS, IN | NAPA, CA | RICHMOND, VA |
| BALTIMORE, MD | JACKSONVILLE, FL | NORFOLK, VA | SACRAMENTO, CA |
| BIRMINGHAM, AL | LAS VEGAS, NV | OMAHA, NE | ST. LOUIS, MO |
| BOSTON, MA | LONG ISLAND, NY | ORANGE COUNTY, CA | SAN DIEGO, CA |
| CHICAGO, IL | LOS ANGELES, CA | ORLANDO, FL | SAN FRANCISCO, CA |
| CINCINNATI, OH | MEMPHIS, TN | PHILADELPHIA, PA | SEATTLE, WA |
| CLEVELAND, OH | MIAMI, FL | PHOENIX, AZ | STAMFORD, CT |
| DALLAS, TX | MILWAUKEE, WI | PITTSBURGH, PA | WASHINGTON DC REGION |
| DENVER, CO | MINNEAPOLIS, MN | PORTLAND, OR | WHITE PLAINS, NY |
| DETROIT, MI | | | |

DIRECT DIAL: (212) 545-4016
EMAIL ADDRESS: JOANNA.SMITH@JACKSONLEWIS.COM



RECEIVED
JUN 0 5 2013

CHAMBERS OF
ANDREW J. PECK

# FAX

| | |
|---|---|
| **To:** | The Honorable Andrew J. Peck, U.S.M.J. |
| **Company:** | U.S. District Court - Southern |
| **Fax:** | (212) 805-7933          **Tel #:** |
| **From:** | Joanna S. Smith |
| **Sender:** | RoseMarie Acosta |
| **Subject:** | Walz et al. v. 44 7 X, Inc. et al. 12 CV 5800 |
| **Date:** | June 5, 2013 |
| **Client/Matter #:** | 75500/207601 |
| **Pages:** | 20 |
| **Original:** | _____ Will Follow    X    Will Not Follow |

**MESSAGE:** Pursuant to our call, attached please find (1) a copy of the Notice, Consent and Reference of a Civil Action to Magistrate Judge Peck for purposes of Settlement and Plaintiff Bayless's dismissal; and (2) Defendants' letter, originally sent via FedEx, requesting Plaintiff Bayless's dismissal. Thank you.

4847-0048-0530, v. 1

**Please contact me if there are any problems with this transmission.**

**Confidentiality Note**: This facsimile contains privileged and confidential information intended only for the use of the individual or entity named above. If the reader of this facsimile is not the intended recipient or the employee or agent responsible for delivering it to the intended recipient, you are hereby notified that any dissemination or copying of this facsimile is strictly prohibited. If you have received this facsimile in error, please immediately notify us by telephone and return the original facsimile to us at the above address via the U.S. Postal Service. Thank you.

The claims of plaintiff Forrest Bayless are DISMISSED with prejudice.

Copy ECF: All Counsel