UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
TYLER WALZ, STEPHEN STACY a/k/a STEVE STACY,
FORREST BAYLESS, MARCUS CALDERON,            12 CV 5800 (CM)(AJP)
DANNY MARR, Each Individually And On Behalf Of All
Other Persons Similarly Situated,

                      *Plaintiffs*,

      -against-

44&X incorporated as 10th AVENUE GROUP, INC.,
SCOTT HART Individually, and
BRUCE HOROWYTZ a/k/a BRUCE HOROWITZ,
Individually,

                      *Defendants*.
------------------------------------------------------------------------X

## DECLARATION OF PETER J. ANDREWS IN SUPPORT OF PRELIMINARY APPROVAL OF SETTLEMENT

    Peter J. Andrews, being first duly sworn on oath, deposes and states under penalty of perjury the following:

    1.    I am a member of good standing of the Bar of the State of New York and counsel at The Harman Firm, PC, attorneys for the Plaintiffs in this action.

    2.    I make this declaration in support of preliminary approval of the parties' Class Action settlement, which is attached hereto as *Exhibit A* (with its own *Exhibits A* and *B* to the agreement attached). All the facts stated herein are true and correct and are within my personal knowledge.

    3.    The Docket in this action is attached as *Exhibit B*.

    4.    I graduated from Columbia University School of Law in 1992. I am also admitted to practice law before the United States District Court for the Southern and Eastern

Districts of New York, the United States Court of Appeals for the Second Circuit and the United States Supreme Court.

5. I have many years of litigation experience.

6. The founder of The Harman Firm, PC, Walker G. Harman, Jr., has many years of experience representing plaintiffs in complex employment disputes, including wage-and-hour litigation.

7. Since early 2012, I have worked closely with Mr. Harman on complex wage-and-hour litigation, including this action.

8. Plaintiffs' counsel interviewed many potential witnesses and reviewed hundreds of pages of documents related to the payment of wages to Plaintiffs and other potential class members.

9. At the time of the Parties' settlement, the litigation had progressed to a stage where parties could evaluate the merits of the case, potential damages, and the probable course of future litigation. As described in further detail below, the Settlement Agreement provides significant monetary proceeds for all eligible Class Members who timely file proper claims with the Settlement Administrator.

10. The settlement reached in this complex class action constitutes a reasonable compromise of a *bona fide* dispute involving a myriad of vigorously contested legal and factual issues.

11. After the highly contested litigation, Plaintiffs' counsel has gained a comprehensive knowledge of the facts and legal issues relating to the respective claims and defenses and has ample evidence on which to base an informed assessment of the Parties' settlement. Based on their knowledge of the case and the applicable law, as well as their

experience in other large class action cases, Plaintiffs' counsel believes that the Settlement Agreement is fair, reasonable, and adequate.

12. All the class representatives support the settlement, as do Plaintiffs' counsel and Defendants. At this preliminary stage, Plaintiffs' counsel is unaware of any opposition to the settlement, which provides an excellent result to all Class members.

13. This case, like other large-scale class actions, was complicated and time-consuming. Any lawyer undertaking representation of large numbers of affected employees in wage-and-hour actions must be prepared to make a tremendous investment of time, energy, and resources. Due also to the contingent nature of the customary fee arrangement, lawyers must be prepared to make this investment with the very real possibility of an unsuccessful outcome and no fee of any kind. The demands and risks of this type of litigation overwhelm the resources—and deter participation—of many traditional claimants' firms.

14. Plaintiffs' counsel was prepared to prosecute and finance this litigation for as long as necessary, with the possibility that they would come away with nothing.

15. Plaintiffs' attorneys in this case, The Harman Firm, PC, has substantial experience in prosecuting large-scale wage-and-hour class and collective actions such as this, and routinely negotiates contingency fee compensation rates at or near forty percent (40%).

16. In this case, the Plaintiffs' attorneys will seek fees and expenses at thirty-five and six-tenths percent (35.6%) of the Settlement Amount.

17. Plaintiffs' counsel has exceeded expectations in this case, securing a $300,000 settlement and avoiding the risks of trial.

18. In light of the legal and factual complexities of this case, there is no doubt that this is a favorable result. The settlement brings substantial value to the Plaintiffs and the Participating Class Members.

19. In this case, the Named Plaintiffs, Tyler Walz, Steve Stacy, Marcus Calderon, and Danny Marr, were responsible for initiating this action, and provided invaluable guidance and assistance to counsel in prosecuting these claims on behalf of the Class. Plaintiffs participated in discovery, answered written discovery, and helped engineer this favorable settlement.

20. Specifically, Plaintiffs seek approval of a service payments for:

   (i) Tyler Walz, twenty thousand dollars ($20,000);

   (ii) Steve Stacy, seven thousand five hundred dollars ($7,500);

   (iii) Marcus Calderon, seven thousand five hundred dollars ($7,500); and for

   (iv) Danny Marr, seven thousand five hundred dollars ($7,500).

21. In light of the results obtained, there is no question that the Class Members have substantially benefited from the actions of the Named Plaintiffs. In sum, without the efforts of the Named Plaintiffs, this case would not have been brought and this settlement would not have been achieved.

22. In light of Plaintiffs' counsel's expertise, skill, and typical contingent fee arrangement, the requested percentage of the Settlement Fund (thirty-five and six-tenths percent (35.6%)) is reasonable.

23. In my professional opinion, the Settlement provides substantial benefits to the Class, especially considering the attendant expense, risks, difficulties, delays, and uncertainties of litigation, trial, and post-trial proceedings.

Case 1:12-cv-05800-AJP   Document 96   Filed 06/20/13   Page 5 of 5

I declare under penalty of perjury that the foregoing is true and correct.

Dated: New York, New York  
       June 20, 2013

                                                        _____s/_____  
                                                        Peter J. Andrews [PA-3295]  
                                                        THE HARMAN FIRM, PC  
                                                        *Counsel for Plaintiff*  
                                                        200 West 57th Street, Suite 900  
                                                        New York, New York 10019  
                                                        (212) 425-2600  
                                                        pandrews@theharmanfirm.com