1
2
3

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

--------------------------------------------------------------x

TYLER WALZ, STEPHEN STACY a/k/a
STEVE STACY, FORREST BAYLESS,
MARCUS CALDERON, DANNY MARR
Each Individually And On Behalf Of All
Other Persons Similarly Situated,

                                                               Plaintiffs,

                           -against-

44 & X incorporated as 10th AVENUE
GROUP, INC., SCOTT HART, Individually,
and BRUCE HOROWYTZ a/k/a BRUCE
HOROWITZ, Individually

                                              Defendants.

--------------------------------------------------------------x

Civil Action No.: 12 CV 5800

McMahon, J.
Peck, M.J.

4
                 **SETTLEMENT AGREEMENT AND RELEASE**

5        This Settlement Agreement and Release (the "Agreement") is entered into by and
6  between Defendants 44 & X incorporated as Tenth Avenue Group, Inc., Scott Hart and
7  Bruce Horowytz (collectively "Defendants") and Tyler Walz, Stephen Stacy, Marcus
8  Calderon and Danny Marr (the "Named Plaintiffs"), individually and on behalf of a class
9  they represent ("Class") in the matter *Walz et al. v. 44 & X et al.* (collectively "Parties").

10  **1.      RECITALS AND BACKGROUND**

11        WHEREAS, Named Plaintiffs have filed a Class and Collective Action Complaint
12  against Defendants under the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq. ("FLSA")*
13  and New York state wage and hour law ("NYLL") for the alleged failure to pay certain
14  wage and overtime amounts to Named Plaintiffs and the Class (the "Litigation");
15
16        WHEREAS, the purpose of this Agreement is to settle fully and finally all
17  Released Claims and Released Rule 23 Class Claims, between Named Plaintiffs, the
18  Class and Defendants, including all claims asserted in the Litigation;
19
20        WHEREAS, Defendants deny all of the allegations made by Named Plaintiffs in
21  the Litigation, and deny any and all liability and damages to anyone with respect to the
22  alleged facts or causes of action asserted in the Litigation;
23
24        WHEREAS, without admitting or conceding that class and collective certification
25  is warranted, without further acknowledging or conceding any liability or damages

whatsoever, and without admitting that pay and/or overtime amounts improperly were withheld from any employees, Defendants agreed to settle the Litigation on the terms and conditions set forth in this Agreement, to avoid the burden, expense, and uncertainty of continuing the Litigation; and

WHEREAS, Plaintiffs' Counsel analyzed and evaluated the merits of the claims made against Defendants and the impact of this Agreement on Plaintiffs and Class Members of the collective and class action and based upon their analysis and evaluation of a number of factors, and recognizing the substantial risks of continued litigation, including the possibility that the Litigation, if not settled now, might not result in any recovery whatsoever, or might result in a recovery that is less favorable and that would not occur for several years, Plaintiffs' Counsel is satisfied that the terms and conditions of this Agreement are fair, reasonable and adequate and that this Agreement is in the best interest of the Plaintiffs and Class Members.

NOW THEREFORE, in consideration of the mutual covenants and promises set forth in this Agreement, as well as the good and valuable consideration provided for herein, the Parties hereto agree to a full and complete settlement of the Litigation on the following terms and conditions:

## 1.    DEFINITIONS

The defined terms set forth in this Agreement have the meanings ascribed to them below.

**1.1    Agreement.** "Agreement" means this Settlement Agreement and Release.

**1.2    Authorized Claimant.** A Class Member who files a Claim Form and becomes entitled to receive an Individual Settlement Allocation.

**1.3    Bar Date.**  The date by which any Class Member who wishes to qualify as an Authorized Claimant must file a Claim Form, which date shall be no later than forty-five (45) days after the initial mailing of Notice by the Settlement Administrator.

**1.4    Claim Form.** "Claim Form" shall mean the form, a copy of which is attached to the Notice of Proposed Settlement as Exhibit A, that Class Members must sign and return post-marked by the Bar Date.  The Claim Form must be filed with the Court for a Class Member to be eligible for a distribution from the Settlement Amount.

**1.5    Class Counsel.** "Class Counsel" or "Plaintiffs' Counsel" shall mean Walker G. Harman, Jr., Esq. and Peter J. Andrews, Esq., The Harman Firm, PC, 200 West 57th Street, Suite 900, New York, NY 10019.

**1.6    Class Members.**  "Class Members" shall mean the Named Plaintiffs and current and former employees of Defendants who performed work as a server or bartender employee from July 27, 2006 to April 30, 2013.

**1.7    Class List.** A list of all Class Members, identified by: (i) name; (ii) last known address if available or email if the last known address is not available and if the email address is available; and (iii) dates of employment as a server or bartender; and, (iv) weeks  worked, that Defendants shall provide to Class Counsel and the Settlement Administrator.  The Class List is to be used by Class Counsel and Settlement Administrator to effectuate settlement, and may not be used for any other purpose.  Defendants shall also provide the Settlement Administrator with the social security numbers of the Authorized Claimants, Plaintiffs, but shall not provide social security numbers to Class Counsel.

**1.8    Court.**  "Court" means the United States District Court for the Southern District of New York.

**1.9    Days.**  "Days" means business days if the specified number is less than 5, and calendar days if the specified number is 5 or greater.

**1.10   Defendants' Counsel.**  "Defendants' Counsel" shall mean Felice B. Ekelman, Esq. and Joanna S. Smith, Esq. of Jackson Lewis LLP, 666 Third Avenue, 29th Floor, New York, New York 10017.

**1.11   Fairness Hearing**.  "Fairness Hearing" means the hearing before the Court relating to the Motion for Final Approval.

**1.12   Final Approval Order**.  "Final Approval Order" means the Order entered by the Court after the Fairness Hearing, approving the terms and conditions of this Agreement, distribution of the Settlement Checks and Service Awards, and Dismissal of the Litigation with prejudice.

**1.13   Final Effective Date.**   "Final Effective Date" shall be the first date after the Court has entered a Final Approval Order approving this settlement and the Court has entered the judgment as provided in Section 2.9; the time to appeal from the Final Approval Order has expired and no notice of appeal has been filed or if a notice of appeal is filed, the latest of the following, if applicable, has occurred: (1) any appeal from the Final Approval Order has been finally dismissed; (2) the Final Approval Order has been affirmed on appeal in a form substantially identical to the form of the Final Approval Order entered by the Court; (3) the time to petition for review with respect to any appellate decision affirming the Final Approval Order has expired; and (4) if a petition for review of an appellate decision is filed, the petition has been denied or dismissed, or, if granted, has resulted in affirmance of the Final Approval Order in a form substantially identical to the form of the Final Approval Order entered by the Court.

**1.14**   **Individual Settlement Allocation.**   "Individual Settlement Allocation" shall mean the amount payable to each Authorized Claimant pursuant to Section 3.4 of this Agreement.

**1.15**   **Released Rule 23 Class Claims.**   "Released Rule 23 Class Claims" means all wage and hour claims that could have been asserted under federal or state law by or on behalf of Class Members, excluding Class Members who opt-out of the settlement, for the period July 27, 2006 through April 30, 2013, under New York Labor Law.  The Released Rule 23 Class Claims include all wage and hour claims that could be asserted in this Litigation, and any wage and hour claim that could be asserted against Defendants under state, federal and local law, including all claims under the New York Labor Law, relating to the failure to pay wages, back wages, overtime, minimum wages, all 'derivative benefit claims' (*i.e.*, claims for benefits resulting from alleged failure to pay overtime or wages, both ERISA and non-ERISA benefits), interest, liquidated damages, penalties, attorneys' fees, and any other form of compensation or relief permitted under any federal, state or local laws.

**1.16**   **Released Claims.** "Released Claims" means all wage and hour claims that could have been asserted under federal or state law by or on behalf of Authorized Claimants, in the Litigation for the period July 27, 2006 through April 30, 2013, including under the Fair Labor Standards Act and New York Labor Law.  The Released Claims include all wage and hour claims raised in this Litigation, and any wage and hour claim that could be asserted against Defendants under state, federal and local law, including the FLSA and NYLL, relating to the failure to pay wages, back wages, overtime, minimum wages, all 'derivative benefit claims' (*i.e.*, claims for benefits resulting from alleged failure to pay overtime or wages, both ERISA and non-ERISA benefits), interest, liquidated damages, penalties, attorneys' fees, and any other form of compensation or relief permitted under any federal, state or local laws.

**1.17**   **Gross Settlement Fund.** "Gross Settlement Fund" refers to $300,000, the maximum Defendants have agreed to pay pursuant to this Agreement to fully resolve and satisfy any claim for attorneys' fees, expenses and costs approved by the Court, administration fees and expenses, any and all amounts to be paid to Authorized Claimants, and any Court-approved Service Awards to Plaintiffs.

**1.17.1 Named Plaintiffs**.   "Named Plaintiffs" refers to Tyler Walz, Stephen Stacy, Marcus Calderon and Danny Marr.

**1.19**   **Notice or Notices**.  "Notice" or "Notices" means the Court–approved Notices of Proposed Settlement of Class Action and Collective Action Lawsuit including notice of an opportunity to opt-out and/or object to the proposed Settlement, attached hereto as Exhibit B.

1.20 **Objector. "Objector"** means an individual who properly files an objection to this Agreement, and does not include any individual who opts-out of this Agreement.

1.21 **Plaintiffs.** "Plaintiffs" means all Named Plaintiffs and Opt-in Plaintiffs.

1.23 **Opt-out Statement.** "Opt-out Statement" is a written signed statement that an individual Class Member has decided to opt-out and not be included in this Agreement.

1.24 **Preliminary Approval Order.** "Preliminary Approval Order" means the Order entered by the Court: (i) preliminarily approving the terms and conditions of this Agreement, and, (ii) directing the manner and timing of providing Notices to the Class Members.

1.25 **Settlement Fund.** The "Settlement Fund" shall include Court-approved attorneys' fees, costs, and expenses, Court-approved Service Awards, fees payable to the Settlement Administrator, Plaintiff Walz's Back Pay Award, and the Individual Settlement Allocations for each of the Authorized Claimants.

1.26 **Settlement Administrator.** The "Settlement Administrator" refers to a third party administrator, CPT Group, who will mail the Notices and administer the allocation, and distribution of that portion of the Gross Settlement Fund as determined by the number of Authorized Claimants in this matter. The Settlement Administrator's fees shall be paid from the Gross Settlement Fund.

1.27 **Settlement Checks.** "Settlement Checks" means checks issued to Class Members for their share of the Gross Settlement Fund calculated in accordance with this Agreement.

2. **INITIAL PROCEDURAL ISSUES**

2.1 **Binding Agreement.** This Agreement is a binding agreement and contains all material agreed-upon terms.

2.2 **Retention of the Settlement Administrator.** Within twenty (20) days after the filing of a Motion for Preliminary Approval, the Parties shall retain the Settlement Administrator.

2.3 **Responsibilities of Settlement Administrator.** The Settlement Administrator shall be responsible for, among other things: (i) preparing, printing and disseminating to Class Members the Class Notice and Claim Forms (ii) copying counsel for all Parties on material correspondence and promptly notifying all counsel for the Parties of any material requests or communications made by any Class Member or Party; (iii) promptly furnishing to counsel for the Parties copies of any requests for exclusion, objections or other written or electronic communications from Class Members which the Settlement Administrator receives; (iv) receiving and reviewing the Claim Forms submitted by Class

Members; (v) keeping track of requests for exclusion including maintaining the original mailing envelope in which the request was mailed (vi) mailing the settlement checks to Authorized Claimants, and (vii) issuing the appropriate tax forms to the Authorized Claimants, Class Counsel and Plaintiffs who receive Service Awards.

**2.4    Class Notice.**  The Class Notice, a copy of which is attached hereto as Exhibit B, will inform Class Members about this Settlement and will also advise them of the opportunity to object to or opt-out, file a Claim Form to join in the settlement, and/or to appear at the Fairness Hearing.  Within twenty (20) days of the entry of the Preliminary Approval Order by the court, the Settlement Administrator will mail to all Class Members, via e-mail, for those Class Members whose e-mail address is available, and via First Class United States Mail, for all other Class Members, the Court–approved Notices of Proposed Settlement of Class Action Lawsuit and Fairness Hearing, with Claims Form. The Settlement Administrator will take all reasonable steps to obtain the correct address of any Class Members for whom a Notice and Claims Form is returned by the post office as undeliverable, and shall attempt a re-mailing to any member of the Settlement Class for whom it obtains a more recent address. The Settlement Administrator shall also mail a Class Notice and Claim Form to any Class Member who contacts the Settlement Administrator during the time period between the initial mailing of the class Notice and the Bar Date and requests that their Class Notice and Claim Form be re-mailed. The Settlement Administrator will notify Class Counsel and Defendants' Counsel of any Notice and Claims Form sent to a Class Member that is returned as undeliverable after the first mailing, as well as any such Notice and Claims Form returned as undeliverable after any subsequent mailing(s) as set forth in this Agreement.

**2.5    Preliminary Approval Motion.**

(A)    On or before June 20, 2013 the Parties will submit this executed Agreement to the Court and shall move for Preliminary Approval of this Agreement for purposes of resolving this matter according to the terms of the Agreement.

(B)    The Preliminary Approval Motion also will seek the setting of a date for individuals to submit Claim Forms, opt-out of this Agreement and/or provide objections to this Agreement, which date will be forty-five (45) days from the initial mailing of Notice and Claims Forms to the Class Members, and for a Fairness Hearing for Final Approval of the settlement before the Court at the earliest practicable date.  Defendants' shall draft the Proposed Order which shall be submitted with the Preliminary Approval Motion.

**2.6    Notice and Claims Forms to Class Members**

(A)     Within ten (10) days of the filing of Preliminary Approval Order, Defendants' Counsel will provide the Settlement Administrator, in electronic form, for all Class Members a mailing list containing the name, last known addresses where available, and email addresses, where available for Class Members for whom a last known address is unavailable, as that information exists on file with Defendants.   All information provided regarding the Class Members will be treated as confidential information by Class Counsel and the Settlement Administrator.  Said information will not be used by Class Counsel and the Settlement Administrator for any purpose other than to effectuate the terms of settlement.

(B)     A Class Member will have forty-five (45) days from the date of initial mailing to return the Claim Form (Exhibit A).   To be effective, a claim form must be post-marked by the Court-authorized Bar Date. To the extent that the envelope does not contain a post-mark, the date that the Settlement Administrator stamps the envelope or claim form 'received,' shall apply.

**2.7     Class Member Opt-outs.**

(A)     Class Members who choose to opt-out of the settlement as set forth in this Agreement must mail via First Class United States Mail, a written, signed statement to the Settlement Administrator that states he or she is opting out of the settlement, and include his or her name, address, and telephone numbers and statement indicating his or her intention to opt-out such as: "I opt out of the wage and hour settlement." ("Opt-out Statement").  To be effective, an Opt-out Statement must be post-marked by the Bar Date.

(B)     The end of the time period to opt-out of the settlement ("Opt-out Period") shall be on or before the Bar Date.

(C)     Within three (3) days of the end of the Opt-out Period, Class Counsel will file with the Clerk of Court, copies of any Opt-out Statements and send a final list of all Opt-out Statements to Defendants' Counsel.

(D)     Any Class Member who does not submit an Opt-out Statement pursuant to this Agreement, will be deemed to have accepted the Settlement and the terms of this Agreement, will be bound by the Judgment in this case, and have any Released Rule 23 Class Claims released with prejudice. Only those Class Members who timely complete and return a Claim Form post-marked by the Bar Date will be deemed Authorized Claimants. Authorized Claimants will have all Rule 23 Released Claims and Released Claims dismissed, with prejudice.  Defendants will only fund amounts allocated to each Authorized Claimant who returns a timely Claim Form as set forth in this Agreement. Defendants shall have no obligation to pay or fund any

1    amounts allocated to Class Members who do not submit a timely Claim
2    Form as set forth in this Agreement.

3    **2.8    Objections to Settlement.**

4    (A)    Class Members who wish to present objections to the proposed settlement
5           at the Fairness Hearing must first do so in writing.  To be considered, such
6           statement must be mailed to the Settlement Administrator via First-Class
7           United States Mail post-marked by the Bar Date.  The statement must
8           include all reasons for the objection, and any supporting documentation.
9           The statement must also include the name, address, and telephone
10          numbers for the Class Member making the objection.  The Settlement
11          Administrator will stamp the date received on the original and send copies
12          of each objection, supporting documents, as well as a copy of the notice
13          and share form mailed to the Objector, to Class Counsel and Defendants'
14          Counsel by email delivery no later than three (3) days after receipt of the
15          objection.  The Settlement Administrator will also file the date-stamped
16          originals of any and all objections with the Court within three (3) days
17          after the end of the Opt-out Period.

18   (B)    An individual who files objections to the settlement ("Objector") also has
19          the right to appear at the Fairness Hearing either in person or through
20          counsel hired by the Objector.  An Objector who wishes to appear at the
21          Fairness Hearing must state his or her intention to do so in writing on his
22          or her written objections at the time he or she submits his or her written
23          objections.  An Objector may withdraw his or her objections at any time.

24   (C)    The Parties may file with the Court written responses to any filed
25          objections no later than three (3) days before the Fairness Hearing.

26   **2.9    Fairness Hearing and Motion for Final Approval and Dismissal.**

27   At the Fairness Hearing and Motion for Final Approval and Dismissal, the Parties
28   will request the Court, among other things: (1) approve the settlement and
29   Agreement as fair, reasonable, adequate, and binding on all Class Members who
30   have not timely opted out of the settlement; (2) order the Settlement
31   Administrator to distribute Settlement Checks to the Authorized Claimants,
32   including Service Awards, if any, to be paid to Named Plaintiffs as described in
33   this Agreement; (3) approve the payment of attorneys' fees and costs to Class
34   Counsel; (4) approve the payment of fees to the Settlement Administrator; (5)
35   order the dismissal with prejudice of all Released Claims and Released Rule 23
36   Class Claims asserted in the Litigation, including the claims of all Class Members
37   who did not opt-out, (6) order entry of Final Judgment in accordance with this
38   Agreement; and (7) retain jurisdiction over the interpretation and implementation
39   of this Agreement as well as any and all matters arising out of, or related to, the
40   interpretation or implementation of this Agreement and of the settlement

1    contemplated thereby.  Defendants shall draft the Proposed Order to be submitted
2    with the Motion for Final Approval and Dismissal.

3    **2.10**    **Mailing of Settlement checks.**

4    The Settlement Checks will be mailed to the Authorized Claimants, Named
5    Plaintiffs, and Class Counsel by the Settlement Administrator within 20 days after
6    the Final Effective Date.

7    **2.11**    **Effect of Failure To Grant Final Approval**

8    In the event the Court does not approve this Settlement, the Parties shall proceed
9    as follows:
10   (a)    The Litigation will resume unless: (1) the Parties jointly agree to seek
11          reconsideration or appellate review of the decision denying entry of
12          Judgment; or (2) the Parties jointly agree to attempt to renegotiate the
13          settlement and seek Court approval of the renegotiated settlement.
14
15   (b)    In the event any reconsideration and/or appellate review is denied, the
16          Parties shall have no further rights or obligations under this Agreement.
17
18   (c)    If the settlement is not approved, the case will proceed as if no settlement
19          has been attempted. In that event, Defendants retain the right to contest
20          whether this case should be maintained as a class or collective action and
21          to contest the merits of the claims being asserted by Plaintiffs in this
22          action.  Plaintiffs shall have the opportunity to engage in further class and
23          expert discovery.
24
25   **2.12**    **Bayless Dismissal.** The force of this agreement is subject to the Court ordering
26   the dismissal of Forrest Bayless from this case with prejudice.

27   **2.13**    **Scelfo, Ackerman and Hoffman Consents Withdrawn.**    The force of this
28   agreement is subject to the withdrawal with prejudice of the Consents to Opt-In to
29   Plaintiffs' Collective Action under the Fair Labor Standards Act for the following
30   individuals: (1) Stephen Reese Scelfo; (2) Kameron Ackerman; and (3) John
31   Hoffman.    As Class Members, Scelfo, Ackerman and Hoffman shall receive
32   notice of the settlement.

33   **2.14**    **Defendants Shall Not Fund a Non-Party Appeal.**  Defendants shall not engage
34   in any efforts to encourage, support or fund any appeals by an individual who is
35   not a Plaintiff in this matter, of any judicial orders relating to the settlement
36   agreement.  Nothing herein shall preclude Defendants from filing an appeal of
37   any order relating to the settlement of this matter as provided for herein.  In the
38   event Plaintiffs' counsel discovers that such efforts have been made, or acquires a
39   good faith belief that such efforts have been made, Plaintiffs' counsel will serve
40   notice upon Defendants' counsel setting forth the basis for such good faith belief
41   with supporting affidavits, and within five (5) business of such notice and

supporting affidavits being served, Defendants shall deposit the monies as
provided for in paragraph 3.1(B), with the Third Party Administrator pending the
resolution of the appeal(s) at issue.

**3.    SETTLEMENT TERMS**

**3.1    Settlement Amount.**

(A)    Defendants agree to create a "Gross Settlement Fund" in the maximum of
$300,000 which shall fully resolve and satisfy any claim for (i) attorneys'
fees, expenses and costs approved by the Court, (ii) fees to the Settlement
Administrator, (iii) all amounts to be paid to all Authorized Claimants for
releasing claims as set forth herein, (iv) the Walz Back Pay Award as
provided in paragraph 3.3(A) below; and (v) any Court-approved Service
Awards.

(B)    Defendants shall fund the Settlement Fund in an amount equal to
Settlement Administrator fees, the Court-approved attorneys' fees, costs
and expenses; the Court-approved Service Awards; the Walz Back Pay
Award; and, the Individual Settlement Allocation for each of the
Authorized Claimants.  Defendants shall fund the Settlement Fund within
14 days of the Final Effective Date.

(C)    Any uncashed Settlement Checks or Service Awards and all amounts
remaining in the Settlement Fund Ninety (90) days after the mailing of the
settlement checks will revert to Defendants.  For purposes of this
provision, the mailing date shall be deemed to be the date posted on the
settlement checks.

**3.2    Settlement Amounts Payable as Attorneys' Fees, Expenses and Costs.**

(A)    At the Fairness Hearing and Motion for Final Approval, Class Counsel
will petition the Court for an award of attorneys' fees and expenses of
35.6% of the Gross Settlement Amount ($96,672.74 (fees) + $9,981.77
(costs) totaling $106,654.51).  Defendants will not oppose this application,
including any appeal or request for reconsideration if the application is
denied or modified by the Court.  After payment of the approved
attorneys' fees award, Defendants shall have no additional liability for
Class Counsel's attorneys' fees, expenses and costs.

(B)    The substance of Class Counsel's application for attorneys' fees, expenses
and costs is to be considered separately from the Court's consideration of
the fairness, reasonableness, adequacy, and good faith of the settlement of
the Litigation.  The outcome of any proceeding related to Class Counsel's
application for attorneys' fees, expenses and costs shall not terminate this
Agreement or otherwise affect the Court's ruling on the Motion for Final
Approval.

1   **3.3**    **Service Awards and Other Payments to Plaintiffs.**

2      (A)    In return for services rendered to the Class Members, at the Fairness
3               Hearing, Plaintiffs will apply to the Court to receive service awards
4               totaling $62,500, payable as follows: Tyler Walz $20,000; Stephen Stacy
5               $7,500; Danny Marr $7,500; and Marcus Calderon $7,500.  In addition to
6               the Service Awards, Tyler Walz will receive $20,000 for backpay from the
7               Settlement Fund ("Walz Back Pay Award") and Stephen Stacy, Marcus
8               Calderon and Danny Marr will each receive an Individual Settlement
9               Allocation from the Settlement Fund as described in Section 3.4 of this
10             Agreement.

11     (B)    The application for Service Awards and Other Payments to Named
12             Plaintiffs is to be considered separately from the Court's consideration of
13             the fairness, reasonableness, adequacy, and good faith of the settlement of
14             the Litigation.  The outcome of the Court's ruling on the application for
15             Service Awards will not terminate this Agreement or otherwise affect the
16             Court's ruling on the Motion for Final Approval or for Final Judgment and
17             Dismissal.

18     (C)    Should the Court fail to approve any portion of the Service Awards, Walz
19             Backpay and/or attorneys' fees provided for in paragraph 3.2 (A) and
20             3.3(A) above, such monies shall revert to the Defendants and not be part
21             of the Gross Settlement Fund or the Settlement Fund.

22

23   **3.4**    **Settlement Fund Allocation to Class Members.**

24     (A)    Individual Class Members' Settlement Allocations are computed as
25             follows: (1) determine the number of work weeks worked by each Class
26             Member  from July 27, 2006 through September 1, 2009 ("Period A"); (2)
27             determine the number of work weeks worked by each Class Member from
28             September 2, 2009 through April 30, 2013 ("Period B"); (3) assign a value
29             of six (6) points to each work week worked in Period A for each Class
30             Member and Plaintiffs Calderon, Marr and Stacy("Period A Points"); (4)
31             assign a value of one (1) point to each work week worked in Period B for
32             each Class Member and Plaintiffs Calderon, Marr and Stacy ("Period B
33             Points"); (5) add the Period A Points and the Period B Points ("Total
34             Period Points); (6) divide the amount remaining in the Settlement Fund
35             after attorneys' fees and expenses, administration fees and expenses,
36             service payments, and Walz Back Pay Award by the Total Period Points to
37             determine a value for each point ("Point Value").To determine each
38             Authorized Claimant's Individual Settlement Allocation (1) assign six (6)
39             points for each work week worked by the Authorized Claimant in Period
40             A and assign one (1) point for each work week worked by the Authorized
41             Claimant in Period B; (2) total the number of points for each Authorized

Claimant; and  (3) multiply the total number of points by the Point Value to compute the Participating Class Member's "Individual Settlement Benefit."   The Settlement Allocations shall be made in accordance with the dates of employment set forth in the confidential document provided by Defendants' counsel.

(B)     Settlement payments to Authorized Claimants will be deemed non-wage liquidated damages subject to 1099 reporting.  Service Awards will be considered 1099 non-wage income.  Walz Back Pay Award will be considered wages subject to W-2 reporting.

## 4.     RELEASE

### 4.1     Release of Claims.

(A)     By operation of the entry of the Judgment and Final Approval, and except as to such rights or claims as may be created by this Agreement each individual Class Member who does not timely opt-out pursuant to this Agreement forever and fully releases Defendants from Released Rule 23 Class Claims.

(B)     By operation of the entry of the Judgment and Final Approval, and except as to such rights or claims as may be created by this Agreement each individual Authorized Claimant forever and fully releases Defendants from all Released Claims.

(C)     Except as provided in this Agreement, upon payment of the Attorneys' fees, expenses, and costs approved by the Court, Class Counsel and Plaintiffs, on behalf of the Class Members and each individual Class Member, hereby irrevocably and unconditionally release, acquit, and forever discharge any claim that he, she or they may have against Defendants for attorneys' fees or costs associated with Class Counsel's representation of the Class Members.  Class Counsel further understands and agrees that any fee payments approved by the Court will be the full, final and complete payment of all attorneys' fees, expenses and costs associated with Class Counsel's representation in the Litigation.

(D)     Named Plaintiffs, their heirs, executors, administrators, successors and assigns, voluntarily release and forever discharge Defendants, and any of their owners, subsidiaries, divisions, affiliated entities, including but not limited to Hell's Kitchen Cream & Sugar, Inc., agents, officers, principals, trustees, administrators, executors, agents, attorneys, employees, former employees, insurers, predecessors, successors and assigns, both individually and in their official capacities (collectively "Releasees") of and from any actions, causes of action, suits, debts, dues, sums of money, accounts, reckonings, bonds, bills, specialties, covenants, contracts,

1   controversies, agreements, promises, judgments, obligations, union
2   grievances, claims, charges, complaints, appeals and demands whatsoever,
3   in law or equity, which they may have against Releasees as of the date of
4   execution of this Agreement, whether known or unknown, asserted or
5   unasserted, including, but not limited to, any alleged violation of: the Title
6   VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq.; the Civil
7   Rights Act of 1991, Pub. L. No. 102-166, Sections 1981 through 1988 of
8   Title 42 of the United States Code, 42 U.S.C. §§ 1981-1988; the Fair
9   Labor Standards Act of 1938, 29 U.S.C. § 201 et seq.; the Occupational
10  Safety and Health Act of 1970, 29 U.S.C. § 651 et seq.; the Immigration
11  Reform and Control Act, as amended; the Workers Adjustment Retraining
12  Notification Act, as amended; the Family and Medical Leave Act; the
13  New York City Administrative Code; the New York State Human Rights
14  Law, New York Executive Law § 290 et seq.; the New York Civil Rights
15  Law, New York Civil Rights Law § 1 et seq.; Article 6 of the New York
16  Labor Law, New York Labor Law § 190 et seq.; the New York
17  occupational safety and health laws; any other federal, state, city or local
18  human rights, civil rights, wage-hour, wage-payment, pension, employee
19  benefits, labor or other laws, rules, regulations and/or guidelines,
20  constitutions or ordinances; any contract (whether oral or written, express
21  or implied) or tort laws; any claim arising under the common law; any
22  other claim for unpaid wages, employment discrimination, retaliation,
23  wrongful termination, constructive discharge, pain and suffering, mental
24  anguish, intentional and/or negligent infliction of emotional distress; any
25  claim for costs, fees, or other expenses, including attorneys' fees or any
26  other action against Releasees, based upon any conduct occurring up to
27  and including the date of Plaintiffs' execution of this Agreement.

28

29  **4.2    Denial of Liability**

30  Defendants have agreed to the terms of this Agreement without in any way
31  acknowledging any fault or liability, and with the understanding that terms have
32  been reached because this settlement will avoid the further expense and disruption
33  of Defendants' business due to the pendency and expense of litigation. Nothing in
34  this Agreement shall be deemed or used as an admission of liability by
35  Defendants, nor as an admission that a class should be certified for any purpose
36  other than settlement purposes.

37  **5.    INTERPRETATION AND ENFORCEMENT**

38  **5.1    Cooperation Between the Parties; Further Acts**. The Parties shall reasonably
39  cooperate with each other and shall use their reasonable best efforts to obtain the
40  Court's approval of this Agreement and all of its terms.  Each party, upon the
41  request of any other party, agrees to perform such further acts and to execute and

deliver such other documents as are reasonably necessary to carry out the provisions of this Agreement.

5.2    **No Assignment.**  Class Counsel and Named Plaintiffs, on behalf of the individual Class Members, represent and warrant that they have not assigned or transferred, or purported to assign or transfer, to any person or entity, any claim or any portion thereof or interest therein, including, but not limited to, any interest in the Litigation, or any related action.

5.3    **Entire Agreement.**  This Agreement constitutes the entire agreement between the Parties with regard to the subject matter contained herein, and all prior and contemporaneous negotiations and understandings between the Parties shall be deemed merged into this Agreement.

5.4    **Binding Effect.**  This Agreement shall be binding upon the Parties and, with respect to Named Plaintiffs, Opt-in Plaintiffs and all Class Members, their spouses, children, representatives, heirs, administrators, executors, beneficiaries, conservators, attorneys and assigns.

5.5    **Arms' Length Transaction; Materiality of Terms.**  The Parties have negotiated all the terms and conditions of this Agreement at arms' length.  All terms and conditions of this Agreement in the exact form set forth in this Agreement are material to this Agreement and have been relied upon by the Parties in entering into this Agreement, unless otherwise expressly stated.

5.6    **Captions.**  The captions or headings of the Sections and paragraphs of this Agreement have been inserted for convenience of reference only and shall have no effect upon the construction or interpretation of any part of this Agreement.

5.7    **Construction.**  The determination of the terms and conditions of this Agreement has been by mutual agreement of the Parties.  Each party participated jointly in the drafting of this Agreement, and therefore the terms and conditions of this Agreement are not intended to be, and shall not be, construed against any party by virtue of draftsmanship.

5.8    **Blue Penciling.**  If any provision of this Agreement is held by a court of competent jurisdiction to be void, voidable, unlawful or unenforceable, the remaining portions of this Agreement will remain in full force and effect.

5.9    **Governing Law.**  This Agreement shall in all respects be interpreted, enforced and governed by and under the laws of the State of New York, without regard to choice of law principles, except to the extent that the law of the United States governs any matter set forth herein, in which case such federal law shall govern.

5.10    **Continuing Jurisdiction.**    The Parties shall request the Court to retain jurisdiction over the interpretation and implementation of this Agreement as well as any and all matters arising out of, or related to, the interpretation or implementation of this Agreement and of the settlement contemplated thereby.

The Parties shall not petition the Court to modify the terms of the Agreement or to increase Defendants' payment obligations hereunder.

**5.11  Waivers, etc. to Be in Writing.**  No waiver, modification or amendment of the terms of this Agreement, whether purportedly made before or after the Court's approval of this Agreement, shall be valid or binding unless in writing, signed by or on behalf of all Parties and then only to the extent set forth in such written waiver, modification or amendment, subject to any required Court approval.  Any failure by any party to insist upon the strict performance by the other party of any of the provisions of this Agreement shall not be deemed a waiver of future performance of the same provisions or of any of the other provisions of this Agreement, and such party, notwithstanding such failure, shall have the right thereafter to insist upon the specific performance of any and all of the provisions of this Agreement.

**5.12  When Agreement Becomes Effective; Counterparts.**  This Agreement shall become effective upon its full execution and approval by the Court.  The Parties may execute this Agreement in counterparts, and execution in counterparts shall have the same force and effect as if all Parties had signed the same instrument.

**5.13  Facsimile and Email Signatures.**  Any signature made and transmitted by facsimile or email for the purpose of executing this Agreement shall be deemed an original signature for purposes of this Agreement and shall be binding upon the party whose counsel transmits the signature page by facsimile or email.

**5.16  Destruction of Documents.**  Plaintiffs hereby represent that all documents relating to Defendants in their possession and/or in the possession of Class Counsel have been destroyed.

**HAVING ELECTED TO EXECUTE THIS AGREEMENT AND TO FULFILL THE PROMISES SET FORTH HEREIN AND TO RECEIVE THEREBY THE SETTLEMENT SUMS AND OTHER CONSIDERATION IN SECTION "3" AND OTHER VOLUNTARY BENEFITS SET FORTH IN THIS AGREEMENT, PLAINTIFFS FREELY AND KNOWINGLY, AND AFTER DUE CONSIDERATION AND CONSULTATION WITH THEIR ATTORNEY, WALKER G. HARMAN, JR., ESQ., ENTER INTO THIS AGREEMENT INTENDING TO WAIVE, SETTLE AND RELEASE ALL CLAIMS THEY HAVE OR MIGHT HAVE AGAINST RELEASEES.**

**WE AGREE TO THESE TERMS.**

I AFFIRM THAT THE MEANING, EFFECT AND TERMS OF THIS
SETTLEMENT HAVE BEEN FULLY EXPLAINED TO ME.

TYLER WALZ

_6/20/2013_          By: _Tyler Walz_
Date                      Tyler Walz

I AFFIRM THAT THE MEANING, EFFECT AND TERMS OF THIS
SETTLEMENT HAVE BEEN FULLY EXPLAINED TO ME.

STEPHEN STACY

_____          By: _____
Date                      Stephen Stacy

I AFFIRM THAT THE MEANING, EFFECT AND TERMS OF THIS
SETTLEMENT HAVE BEEN FULLY EXPLAINED TO ME.

MARCUS CALDERON

_____          By: _____
Date                      Marcus Calderon

I AFFIRM THAT THE MEANING, EFFECT AND TERMS OF THIS
SETTLEMENT HAVE BEEN FULLY EXPLAINED TO ME.

DANNY MARR

_____          By: _____
Date                      Danny Marr

1   I AFFIRM THAT THE MEANING, EFFECT AND TERMS OF THIS
2   SETTLEMENT HAVE BEEN FULLY EXPLAINED TO ME.
3
4
5                                      TYLER WALZ
6
7
8   _____        By: _____
9   Date                              Tyler Walz
10
11  I AFFIRM THAT THE MEANING, EFFECT AND TERMS OF THIS
12  SETTLEMENT HAVE BEEN FULLY EXPLAINED TO ME.
13
14
15                                     STEPHEN STACY
16
17
18   6/20/2013                   By: _____
19  Date                              Stephen Stacy
20
21
22  I AFFIRM THAT THE MEANING, EFFECT AND TERMS OF THIS
23  SETTLEMENT HAVE BEEN FULLY EXPLAINED TO ME.
24
25
26                                     MARCUS CALDERON
27
28
29  _____        By: _____
30  Date                              Marcus Calderon
31
32
33  I AFFIRM THAT THE MEANING, EFFECT AND TERMS OF THIS
34  SETTLEMENT HAVE BEEN FULLY EXPLAINED TO ME.
35
36
37                                     DANNY MARR
38
39
40  _____        By: _____
41  Date                              Danny Marr
42
43
44
45
46

- 16-

I AFFIRM THAT THE MEANING, EFFECT AND TERMS OF THIS
SETTLEMENT HAVE BEEN FULLY EXPLAINED TO ME.


TYLER WALZ


By: _____
_____          Tyler Walz
Date

I AFFIRM THAT THE MEANING, EFFECT AND TERMS OF THIS
SETTLEMENT HAVE BEEN FULLY EXPLAINED TO ME.


STEPHEN STACY


By: _____
_____          Stephen Stacy
Date

I AFFIRM THAT THE MEANING, EFFECT AND TERMS OF THIS
SETTLEMENT HAVE BEEN FULLY EXPLAINED TO ME.


MARCUS CALDERON


6/20/13
By: _____
Date                         Marcus Calderon

I AFFIRM THAT THE MEANING, EFFECT AND TERMS OF THIS
SETTLEMENT HAVE BEEN FULLY EXPLAINED TO ME.


DANNY MARR


By: _____
_____          Danny Marr
Date

-16-

**I AFFIRM THAT THE MEANING, EFFECT AND TERMS OF THIS SETTLEMENT HAVE BEEN FULLY EXPLAINED TO ME.**

TYLER WALZ

_____     By: _____
Date                                 Tyler Walz

**I AFFIRM THAT THE MEANING, EFFECT AND TERMS OF THIS SETTLEMENT HAVE BEEN FULLY EXPLAINED TO ME.**

STEPHEN STACY

_____     By: _____
Date                                 Stephen Stacy

**I AFFIRM THAT THE MEANING, EFFECT AND TERMS OF THIS SETTLEMENT HAVE BEEN FULLY EXPLAINED TO ME.**

MARCUS CALDERON

_____     By: _____
Date                                 Marcus Calderon

**I AFFIRM THAT THE MEANING, EFFECT AND TERMS OF THIS SETTLEMENT HAVE BEEN FULLY EXPLAINED TO ME.**

DANNY MARR

_6/19/13_____     By: _____
Date                                 Danny Marr

- 16-

44&X INCORPORATED AS TENTH
AVENUE GROUP, INC.,

6/20/13

_____

Date

By: _____ - owner

SCOTT HART

6/20/13

_____

Date

By: _____

Scott Hart

BRUCE HOROWYTZ

6/20/13

_____

Date

By: _____

Bruce Horowytz

4831-9434-1396, v. 1

- 17 -

# EXHIBIT A

WALZ, et al. v. 44 & x et al.
U.S. DISTRICT COURT FOR THE SOUTHERN DISTRICT OF NEW YORK 12-cv-5800

## CLASS ACTION SETTLEMENT CLAIM FORM

## YOU ARE ENTITLED TO A SETTLEMENT PAYMENT IN THE WAGE AND HOUR LAWSUIT AGAINST 44 & X, ET AL.

**TO MAKE A CLAIM, YOU MUST MAIL THIS CLAIM FORM TO THE CLAIMS ADMINISTRATOR POSTMARKED BEFORE [Date]**

**FAILURE TO SUBMIT A COMPLETED AND TIMELY CLAIM FORM WILL RESULT IN A DENIAL OF YOUR CLAIM.**

YOU HAVE THE LEGAL RIGHT TO FILE THIS CLAIM. YOU MAY NOT BE SUBJECTED TO ANY RETALIATION AT YOUR WORKPLACE BECAUSE YOU HAVE MADE THIS CLAIM

SEND IN THE ENCLOSED STAMPED, SELF-ADDRESSED ENVELOPE TO:
Claims Administrator
CPT Group
[address]

**You can contact the Settlement Administrator by phone at 1-800-542-0900.**

**CERTIFICATION AND SIGNATURE OF CLAIMANT**

The undersigned hereby certifies that all of the information provided by Claimant in this Claim Form is true and correct.  By submitting this claim, I agreed to be bound by the settlement of the parties in this case.

Date: _____
      (Must be filled in by Claimant)

_____
Signature of Claimant

_____
(Print Name Clearly)

_____
Address

_____
Social Security Number

_____
Phone

_____
Email

# EXHIBIT B

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
_____

TYLER WALZ, STEPHEN STACY a/k/a
STEVE STACY, FORREST BAYLESS,
MARCUS CALDERON, DANNY MARR
Each Individually And On Behalf Of All
Other Persons Similarly Situated,

                         Plaintiffs,                    Case No.: 12 CV 5800 (CM)(AJP)

                                          **NOTICE OF PENDENCY OF**
          v.                              **CLASS ACTION AND**
                                          **PROPOSED SETTLEMENT**

44 & X incorporated as 10th AVENUE
GROUP, INC., SCOTT HART, Individually,
 and BRUCE HOROWYTZ a/k/a BRUCE
HOROWITZ, Individually,

                            Defendants.
_____

**If you were employed at 44 & X incorporated as 10th Avenue Group, Inc. (including other**
**individually named defendants "Defendants") as a tipped server or bartender from July**
**27, 2006,  to April 30, 2013, please read this Notice.**

DATED:        _____**, 2013**

<u>**PLEASE READ THIS NOTICE CAREFULLY**</u>

**This Notice relates to a proposed settlement of a class and collective action litigation.  It has**
**been authorized by a federal court.  It contains important information as to your right to**
**participate in the settlement, make a claim for payment or elect not to be included in the**
**class.**

<u>Introduction</u>

Former employees of Defendants initiated a lawsuit for allegedly unpaid overtime wages and other claimed damages against Defendants.  The Court in charge of this case is the United States District Court for the Southern District of New York.  The lawsuit is known as *Walz et al., v. 44 & X, et al.*  Plaintiffs allege in the lawsuit that, among other things, Defendants failed to pay them and other similarly situated employees overtime for hours worked over 40 in a workweek and minimum wages, in violation of the Fair Labor Standards Act ("FLSA") and New York State Labor Law ("NYLL").  Plaintiffs also claim Defendants failed to pay for mandatory staff meetings and confiscated tips and that Plaintiff Walz was unlawfully terminated.  Defendants deny the Plaintiffs' allegations.

Although Defendants deny that they are liable or owe damages to anyone, Defendants have concluded that it is in their best interests at this time to resolve Plaintiffs' claims on behalf of Plaintiffs and other tipped servers and bartenders.  Accordingly, Plaintiffs and Defendants have agreed to settle the action subject to the approval of the Court.  Defendants have agreed to pay a maximum of $300,000.  The Court has not decided who is right and who is wrong.  Your legal rights may be affected, and you have a choice to make now.  These rights and options are summarized below and fully explained in this Notice.

**YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT:**

| | |
|---|---|
| **PARTICIPATE** | As described more fully below, to participate in the settlement send a properly completed Claim Form and Release to the Settlement Administrator that must be post-marked by _____.  If you fail to submit a timely Claim Form and Release, you will receive no monetary distribution from the settlement. |
| **EXCLUDE YOURSELF** | If you wish to exclude yourself  ("opt-out") from the lawsuit you must follow the directions outlined in response to question 7 below. |
| **OBJECT** | Write to the Court about why you believe the settlement is unfair or unreasonable.  If the Court rejects your objection, you will still be bound by the terms of the settlement for claims under New York Law unless you submit a valid and timely Request for Exclusion Form.  You will not be bound by the settlement if you opt-out of this action as described herein.  If you object you may appear at the Fairness Hearing to speak to the Court about the fairness of the settlement. |

**1. Why did I receive this notice?**

You have received this notice because Defendants' records show that you worked for Defendants as a tipped server or bartender at sometime between July 27, 2006 to April 30, 2013.

**2. What is a class action?**

A class action is a lawsuit where one or more persons sue not only for themselves, but also for other people who have similar claims.  These other people are known as Class Members.  In a class action, one court resolves the issues for all Class Members, except for those who exclude themselves from the Class.

**3. Why is there a settlement?**

Class Counsel analyzed and evaluated the merits of the claims made against Defendants in the Litigation, investigated Defendants' pertinent payroll policies, analyzed payroll data for Plaintiffs and a significant sample of the putative Class Members and evaluated Defendants' ability to pay a judgment.  Based upon their analysis and evaluation of this data, relevant law, and the substantial risks of continued litigation, including the possibility that the litigation, if not settled now, might not result in any recovery whatsoever, or might result in a recovery that is less favorable and that would not occur for several years, Plaintiffs entered into this proposed settlement.  Class Counsel is satisfied that the terms and conditions of this Agreement are fair, reasonable and adequate and that this Agreement is in the best interest of the Plaintiffs and Putative Class Members.  Your estimated portion of the settlement will be based on the number of weeks you worked during the class period, after all attorneys' fees, costs, taxes, services awards, backpay award to Plaintiff Walz and administrative charges have been paid.

**4.       Payment to Class**

If you elect to participate in this proposed settlement, you will be paid a proportionate share of the Settlement Fund based on a formula taking into account hours you worked for Defendants during the period July 27, 2006 to April 30, 2013. This figure contemplates your approximate proportionate share of the settlement fund, after payment of professional fees and costs.  If you would like information about the amount of your individual settlement payment, please contact Settlement Administrator, CPT Group at 1-800-542-0900.

**5.       Payment to Class Representatives**

The Settlement proposes that the Named Plaintiffs Tyler Walz, Stephen Stacy, Marcus Calderon and Danny Marr who took a lead role in this litigation and assisted in its resolution will each receive a service payment as follows: Tyler Walz $20,000; Steve Stacy $7500; Marcus Calderon $7500; and Danny Marr $7500 in compensation for taking a leading role in this litigation, for their significant involvement and time in discovery for the benefit of the Class Members.  Tyler Walz is also receiving a backpay award in the amount of $20,000.

3

| **6.** | **Procedures** |
|---|---|

To receive a distribution from the settlement fund, you must timely complete and return the enclosed Claim Form and Release according to instructions provided on the form, including: (1) an acknowledgement that, by signing the Claim Form and Release, you elect to participate in this proposed settlement; and (2) a release of claims consistent with that set forth in paragraph 6 of this Notice. The Claim Form and Release must be personally filled out by the current or former employee who seeks to participate in the Settlement or someone with a legal right to act on his or her behalf.

The Claim Form and Release must be properly completed, signed, and mailed to the Settlement Administrator via First Class United States Mail, post-marked by _____ 2013 (the "Bar Date"). If you do not properly complete and timely submit the Claim Form and Release, you will not be eligible to receive any monetary distribution.

You should keep in mind that if you do not opt out, and if you do not properly and timely complete and return the Claim Form and Release by the Bar Date, and in accordance with instructions provided on the form, you will not receive a distribution from the settlement fund, but you will still be bound by the Release of all claims as described below.

If you timely return the enclosed claim form to the Settlement Administrator so that it is post-marked by the Bar Date, the Settlement Administrator will make your payment after a Fairness Hearing is held by the Court.

If the Court grants final approval of the Settlement, this action will be dismissed with prejudice and Class Members who do not opt out will fully release and discharge Defendants through April 30, 2013 from all claims asserted in the Complaint as described below. This means that you cannot sue, continue to sue, or be party of any other lawsuit against Defendants regarding the claims brought in this case, although you may still retain certain Federal claims. It also means that all of the Court's orders will apply to you and legally bind you. In addition, by signing the Claim Form and Release, you will forever and fully release Defendants through April 30, 2013 from all New York Labor Law claims and Fair Labor Standards Act claims asserted in the Complaint.

The Release in the Settlement Agreement provides that:

> **By operation of the entry of the Judgment and Final Approval, and except as to such rights or claims as may be created by this Agreement each individual Class Member who does not timely opt-out pursuant to this Agreement forever and fully releases Defendants from Released Rule 23 Class Claims. "Released Rule 23 Class Claims" means all wage and hour claims that could have been asserted under federal or state law by or on behalf of Class Members, excluding Class Members who opt-out of the settlement, for the period July 27, 2006 through April 30, 2013, under New York Labor Law. The Released Rule 23 Class Claims include all wage and hour claims that could be asserted in this Litigation, and any wage and hour claim that could be asserted against Defendants under state, federal and local law, including all claims under the New York Labor Law, relating to the failure to pay**

4

**wages, back wages, overtime, minimum wages, all 'derivative benefit claims' (*i.e.*, claims for benefits resulting from alleged failure to pay overtime or wages, both ERISA and non-ERISA benefits), interest, liquidated damages, penalties, attorneys' fees, and any other form of compensation or relief permitted under any federal, state or local laws.**

**By operation of the entry of the Judgment and Final Approval, and except as to such rights or claims as may be created by this Agreement each individual Authorized Class Claimant (that is, class members who return the Claim and Release Form) forever and fully releases Defendants from all Released Claims. "Released Claims" means all wage and hour claims that could have been asserted under federal or state law by or on behalf of Authorized Claimants, in the Litigation for the period July 27, 2006 through April 30, 2013, including under the Fair Labor Standards Act and New York Labor Law. The Released Claims include all wage and hour claims raised in this Litigation, and any wage and hour claim that could be asserted against Defendants under state, federal and local law, including the FLSA and NYLL, relating to the failure to pay wages, back wages, overtime, minimum wages, all 'derivative benefit claims' (*i.e.*, claims for benefits resulting from alleged failure to pay overtime or wages, both ERISA and non-ERISA benefits), interest, liquidated damages, penalties, attorneys' fees, and any other form of compensation or relief permitted under any federal, state or local laws.**

| **7.** | **How Do I Exclude Myself From The Settlement.** |
|---|---|

If you do not want a payment from this settlement, but you want to keep the right to sue or continue to sue Defendants, on your own, about the legal issues in this case or which could have been brought in this case, then you must take steps to exclude yourself from this case.

If you intend to exclude yourself, you must mail a written, signed statement to the Settlement Administrator stating "I opt out of the wage and hour settlement" and include your name, address, and telephone numbers ("Opt-out Statement"). To be effective, the Opt-out Statement must be mailed to the Settlement Administrator via First Class United States Mail, postage prepaid, and postmarked by the Bar Date of _____, 2013.

> Settlement Administrator
> CPT Group
>
> **[address]**

If you exclude yourself from the Lawsuit and Settlement, you will NOT be allowed to object to the settlement as described in paragraph 12 below.

| **8.  If I don't exclude myself from the settlement, can I sue Defendants for the same thing later?** |
|---|

Unless you exclude yourself, you give up any rights to sue Defendants under federal and state law with regard to the claims brought in this case or which could have been brought in this case.

## 9.  If I exclude myself, can I get money from this settlement?

No.  If you exclude yourself, you will not receive any money from this lawsuit.

## 10.  Do I have a lawyer in this case?

The law firm of The Harman Firm, PC, 200 West 57th Street, Suite 900, New York, New York 10019 has been designated as legal counsel to represent you and the other Class Members. These lawyers are called Class Counsel.  You will not be charged separately for these lawyers. Their fees are being paid from the total settlement fund.  If you want to be represented by your own lawyer, you may hire one at your own expense.

## 11.  How will Class Counsel and the service providers be paid?

Class Counsel will ask the Court to approve payment of $106,654.51 (35.6% of the settlement fund established by Defendants) to them for attorneys' fees and costs to be paid from the settlement fund.  The fees would pay Class Counsel for all work that they have performed in this action including filing briefs, engaging in discovery, investigating the facts, attending court conferences, participating in private mediation, and negotiating and overseeing the settlement.

Class Counsel will also ask the Court to approve payment of $_____as administration fees to **CPT Group**, a third party administration firm.

## 12.  How do I tell the Court that I don't like the settlement?

You can object to the settlement if you don't like any part of it.  You can give reasons why you think the Court should not approve it.  The Court will consider your views.  If the Court rejects your objection, you will still be bound by the terms of the settlement of your claims under New York Law unless you have submitted a valid and timely request for exclusion.  To object, you must send a letter saying that you object to the settlement of *Walz et al., v. 44 & X, et al*. Your statement must include all reasons for the objection and any supporting documentation in your possession.  Your statement must also include your name, address, and telephone numbers.

If you wish to present your objection at the fairness hearing described below, you must state your intention to do so in your written objection. You statement should be as detailed as possible otherwise the court may not allow you to present reasons for your objection at the fairness hearing that you did not describe in your written objection.  Mail the objection to the Settlement Administrator via First-Class United States Mail, postage prepaid at the address below.  Your objection will not be heard unless it is mailed to the Settlement Administrator via First Class United States Mail and post-marked by the _____2013 Bar Date.

Settlement Administrator<br>[address]

The Settlement Administrator will share your objection with Class Counsel and Defendants' counsel and your objection statement will be filed with the Court.

6

You may not object to the settlement if you submit a letter requesting to exclude yourself or "opt-out" of the settlement of the lawsuit.

**13.  What's the difference between objecting and excluding?**

Objecting is simply telling the Court that you don't like something about the settlement.  You can object only if you stay in the Class.  Excluding yourself form the settlement ("opting-out") is telling the Court that you don't want to be part of the Class.  If you exclude yourself, you have no basis to object because the case no longer affects you.

The Court will hold a fairness hearing to decide whether to approve the settlement.  Class Counsel will answer questions the Judge may have.  You do not have to come to the hearing, but you are welcome to do so at your own expense.

If you send an objection, it is not necessary for you to come to Court to talk about it, but you may do so at your own expense or pay your own lawyer to attend.  As long as you mailed your written objection on time, the Court will consider it.  If you do attend the hearing, it is possible that you will not be permitted to speak unless you timely object in writing as described above and notify the Court of your intention to appear at the fairness hearing.

**14.  When and where will the Court decide whether to approve the settlement?**

The Court will hold a Fairness Hearing at _____ on _____, 2013, at the United States District Court for the Southern District of New York, 500 Pearl Street, New York, New York.

At this hearing the Court will consider whether the terms of the settlement are fair, reasonable, and adequate.  If there are objections, the Court will consider them.   The Judge will listen to people who have asked to speak at the hearing.  The Court may also decide how much to pay to Class Counsel.  After the hearing, the Court will decide whether to approve the settlement.  We do not know how long these decisions will take.

**15.  Are there more details about the settlement?**

This notice summarizes the proposed settlement.  More details are in the Settlement Agreement.  You can review the settlement agreement by asking for a copy of the Settlement Agreement by writing or calling the Settlement Administrator.

4817-8616-9364, v.  1