**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------------x

TYLER WALZ, STEPHEN STACY a/k/a                     :
STEVE S TACY, F ORREST BAYL ESS,                    :
MARCUS CALDERON , DANNY MARR ,                      :
Each Individually And On Behalf Of All              :
Other Persons Similarly Situated,                   :
                                                    :
                        Plaintiffs,                 :
                                                    :
            -against-                               :        Civ. No.:  12 CV 5800 (CM)(AJP)
                                                    :
44 & X incorporated as 10TH AVENUE                  :
GROUP, INC., SCOTT HART, Individually,              :
and BRUCE HOROWYTZ a/k/a BRUCE                      :
HOROWITZ, Individually,                             :
                                                    :
                        Defendants.                 :
                                                    :
---------------------------------------------------------------x


## MEMORANDUM OF LAW
## IN SUPPORT OF DEFENDANTS' MOTION
## TO ENFORCE THE SETTLEMENT AGREEMENT

                                  JACKSON LEWIS LLP
666                                 Third Avenue
New                                   York, New York 10017
(212)                                   545-4000
                                  Felice B. Ekelman
                                  Joanna S. Smith

                                  ATTORNEYS FOR DEFENDANTS
                                  44 & X, SCOTT HART AND BRUCE
                                  HOROWYTZ

# TABLE OF CONTENTS

**Page(s)**

PRELIMNARY STATEMENT ............................................................................................... 1

ARGUMENT ....................................................................................................................... 2

POINT I
    THE SETTLEMENT AGREEMENT SUBMITTED TO THE COURT IS A LEGALLY
    BINDING DOCUMENT ................................................................................................. 2

CONCLUSION .................................................................................................................... 5

## TABLE OF AUTHORITIES

Page(s)

CASES

Acot v. N.Y. Med. College,
    99 Fed. Appx. 317 (2d Cir. 2004) ................................................................2

BCM Dev., LLC v. Oprandy,
    12-573-cv, 2013 U.S.App. LEXIS 1326 (2d Cir. Jan. 17, 2013) ......................4

Collins v. Harrison-Bode,
    303 F.3d 429 (2d Cir. 2002) ..........................................................................2

Hostcentric Techs., Inc. v. Republic Thunderbolt, LLC,
    04 Civ. 1621 (KMW)(AJP), 2005 U.S. Dist. LEXIS 11130 (S.D.N.Y. Jun. 9, 2005) ..............2

Johnson v. Medisys Health Network,
    No 10 CV 1596 (ERK)(VVP), 2013 U.S. Dist. LEXIS 47045 (E.D.N.Y. Mar. 29,
    2013) .........................................................................................................3, 4

Quinones v. Police Dep't of N.Y.,
    2012 U.S. Dist. LEXIS 51697 (S.D.N.Y. Apr. 12, 2012) ............................2, 3

Register.Com, Inc. v. Verio, Inc.,
    356 F.3d 393 (2d Cir. 2004) ..........................................................................3

Powell v. Omnicom,
    497 F.3d 124 (2d Cir. N.Y. 2007) ...........................................................3, 4, 5

Vari-O-Matic Machine Corp. v. New York Sewing Machine,
    630 F.Supp. 257 (S.D.N.Y. 1986) ..................................................................4

STATUTES

C.P.L.R. §2104 ..................................................................................................3

Fed. R. Civ. P. Rule 23 .......................................................................................3

Defendants 44 & X incorporated as Tenth Avenue Group, Inc., Scott Hart and Bruce Horowytz (collectively hereinafter "Defendants"), by and through their undersigned attorneys Jackson Lewis LLP, respectfully submit this Memorandum of Law in Support of their Motion to Enforce the Parties' Settlement Agreement.

## PRELIMNARY STATEMENT

On May 8, 2013, Plaintiffs' counsel informed the Court that the Parties had reached a settlement in principle in the instant action. (See Declaration of Felice B. Ekelman, Esq. In Support of Defendants' Motion to Enforce the Settlement Agreement ("Ekelman Decl.") ¶ 2; See Docket No. 86). On May 15, 2013, the Parties were ordered to file their settlement agreement and related papers no later than June 7, 2013. (Ekelman Decl. ¶3; Docket No. 89). On June 6, 2013, pursuant to the consent of the parties, Judge Colleen McMahon assigned the case, for settlement purposes, to Magistrate Judge Andrew J. Peck. (Ekelman Decl. ¶4; Docket No. 90). On June 6, 2013, Magistrate Judge Peck dismissed Plaintiff Forrest Bayless with prejudice. (Ekelman Decl. ¶5; Docket No. 91). Between the dates of June 19, 2013, and June 20, 2013, all four remaining Plaintiffs, Tyler Walz, Marcus Calderon, Steven Stacy and Danny Marr, executed the Settlement Agreement. (Ekelman Decl. ¶6; see Docket No. 96-1). On June 20, 2013, all Defendants executed the Settlement Agreement. (Ekelman Decl. ¶7; see Docket No. 96-1). On June 20, 2013, Plaintiffs submitted their Motion for the Preliminary Approval of Class Action Settlement, attaching the executed Settlement Agreement and requesting the Court's Approval of the same. (Ekelman Decl. ¶8; see Docket Nos. 94-96). On June 21, 2013, Magistrate Judge Peck conducted a telephone conference with the Parties to discuss the terms of the settlement. (Ekelman Decl. ¶9). During the June 21, 2013 teleconference, Magistrate Judge Peck advised the Parties that Plaintiffs' attorneys' fees and the enhancement payments for Plaintiffs sought in the Settlement Agreement could be affected by the number of putative

plaintiffs who participate in the settlement. (Ekelman Decl. ¶10). By correspondence to the Court on July 2, 2013, Plaintiffs asserted that the Settlement Agreement was not binding. (Ekelman Decl. ¶11; Docket No. 100). During the Parties' appearance before Magistrate Judge Peck on July 9, 2013, the Court directed that Defendants file the instant Motion to Enforce the Settlement Agreement pursuant to the schedule set forth during that conference. (Ekelman Decl. ¶12).

## ARGUMENT

### POINT I

### THE SETTLEMENT AGREEMENT SUBMITTED TO THE COURT IS A LEGALLY BINDING DOCUMENT

"A district court has the power to enforce a settlement agreement reached in a case that was pending before it." Acot v. N.Y. Med. College, 99 Fed. Appx. 317, 317 (2d Cir. 2004). Federal courts in New York look to New York law to determine whether a settlement agreement is enforceable. See Quinones v. Police Dep't of N.Y., 2012 U.S. Dist. LEXIS 51697, *17 (S.D.N.Y. Apr. 12, 2012); see also Acot, 99 Fed. Appx. at 317 (finding that the federal rule concerning whether a settlement agreement is enforceable does not differ greatly from the New York rule).

In New York, "[i]t is well established that settlement agreements are contracts and must therefore be construed according to general principles of contract law." Collins v. Harrison-Bode, 303 F.3d 429, 431 (2d Cir. 2002); Hostcentric Techs., Inc. v. Republic Thunderbolt, LLC, 04 Civ. 1621 (KMW)(AJP), 2005 U.S. Dist. LEXIS 11130, *10 (S.D.N.Y. Jun. 9, 2005). To form a valid contract under New York law, five prongs must be satisfied (1) an offer, (2) an

acceptance, (3) consideration, (4) mutual assent, and (5) an intent to be bound. See Register.Com, Inc. v. Verio, Inc., 356 F.3d 393, 427 (2d Cir. 2004).

"It is well-settled that a settlement agreement is presumptively binding and conclusive" and, as settlement agreements "are strongly favored by New York courts" they "may not be lightly cast aside." Quinones, 2012 U.S. Dist. LEXIS 51697 at *11 citing to Powell v. Omnicom, 497 F.3d 124, 128 (2d Cir. N.Y. 2007); see also C.P.L.R. §2104 (an agreement between parties …, other than one made between counsel in open court, is not binding upon a party unless it is in a writing subscribed by him or his attorney or reduced to the form of an order and entered"). "When a party makes a deliberate, strategic choice to settle, a court cannot relieve him of that choice simply because his assessment of the consequences was incorrect." Powell, 497 F.3d at 128. "Once reached by the parties, settlement agreements are binding and enforceable." Johnson v. Medisys Health Network, No 10 CV 1596 (ERK)(VVP), 2013 U.S. Dist. LEXIS 47045, *10 (E.D.N.Y. Mar. 29, 2013) (citation omitted).

In the instant case, there is no doubt that the settlement agreement in question is binding and enforceable. As Plaintiffs note in their Motion for Preliminary Approval of the Settlement Agreement, counsel for both Parties had a "comprehensive discussion regarding the issues in this case" and, after considerable negotiation, "a settlement in principle was reached, which has now been reduced to the written Settlement Agreement." (Docket No. 95, p. 3). The Agreement was executed by all parties on or about June 19-20, 2013. (Docket No. 96). The executed Agreement, itself, states that "[t]his Agreement is a binding agreement and contains all material agreed-upon terms." (Docket No. 96-1, Section 2.1). And, finally, on June 20, 2013, Plaintiffs submitted the Agreement to the Court for Preliminary Approval pursuant to the requirements of Fed. R. Civ. P. Rule 23. (See Docket Nos. 94-96).

By their actions and words, Plaintiffs have recognized the Agreement as a binding agreement between the Parties. See Vari-O-Matic Machine Corp. v. New York Sewing Machine, 630 F.Supp. 257, 259 (S.D.N.Y. 1986) (enforcing an oral settlement agreement and holding that since both parties made representations to the court that an agreement had been reached, by informing the court that a settlement in principle had been reached and a stipulation would be filed forthwith, "there can be no factual dispute that a settlement had been consummated, and the court is empowered summarily to require the parties to comply with their representations"). Plaintiffs initially advised the court that the parties had reached a settlement. (Docket No. 86). Thereafter, Plaintiffs filed their Motion for Preliminary Approval which sought to implement the terms of the Settlement Agreement. (Docket Nos. 94-96). As a settlement agreement is governed under the law of contracts, a party will not be relieved from the consequences of such a binding agreement, absent sufficient cause. See BCM Dev., LLC v. Oprandy, 12-573-cv, 2013 U.S.App. LEXIS 1326, *1-2 (2d Cir. Jan. 17, 2013). A plaintiff's "[a]fterthought or change of mind are not sufficient to justify rejecting a settlement." Johnson, No 10 CV 1596 (ERK)(VVP), 2013 U.S. Dist. LEXIS 47045 at *10; Powell, 497 F.3d at 129 (finding that one party's "change of heart" after the terms of the settlement agreement are stated on the record and agreed to in open court, is itself, insufficient to invalidate the agreement). Plaintiffs' counsel only attempted to abandon the executed Agreement after a June 21, 2013 conference with the Court in which Magistrate Judge Peck informed the parties that future approval of the amount of Plaintiffs' attorneys' fees and Plaintiffs' incentive awards could be affected by the number of claims made by the proposed class. Plaintiffs cannot escape their deliberate, strategic choice to settle and enter into the executed Agreement with Defendants

-4-

"simply because [their] assessment of the consequences was incorrect." Id. at 128.  Accordingly, the Court should grant Defendants' Motion to Enforce the Settlement Agreement.

## CONCLUSION

Based on the foregoing arguments and controlling authorities, Defendants respectfully request that the Court (1) enforce the terms of the parties' settlement agreement, (2) grant Defendants their reasonable attorneys' fees and costs for having to file and pursue the instant motion, and (3) grant Defendants such other and further relief as the Court deems just and proper.

Respectfully submitted,

JACKSON LEWIS LLP
666 Third Avenue
New York, New York 10017
(212) 545-4000

By:   S/ Felice B. Ekelman
Felice B. Ekelman (FE 5692)
Joanna S. Smith (JS6471)
ATTORNEYS FOR DEFENDANTS

Dated:  July 30, 2013
New York, New York

## CERTIFICATE OF SERVICE

I hereby certify that on this 30th day of July, 2013, the foregoing document was filed with the Clerk of the Court and served in accordance with the Federal Rules of Civil Procedure, and/or the Southern District's Local Rules, and/or the Southern District's Rules on Electronic Service upon the following parties and participants:

WALKER G. HARMAN, JR.
PETER J. ANDREWS
THE HARMAN FIRM, PC
*ATTORNEYS FOR PLAINTIFFS*
200 West 57th Street, Suite 900
New York, New York 10019


S/ Joanna S. Smith
Joanna S. Smith, Esq.

4825-4307-8165, v. 2

-6-